| 59 | 417 |
| 88 | 465 |
| 59 | 417 |
| 95 | 378 |

---

[No. 10,708.—Department Two.]

### EX PARTE E. M. COTTRELL.

CONTEMPT — HABEAS CORPUS — JURISDICTION—ALIMONY—DIVORCE.—Upon: an application to be discharged from imprisonment for an alleged contempt of Court, in disobeying its order to pay alimony, it was claimed by the petitioner that the Court exceeded its jurisdiction in increasing. the amount over that decreed to be paid by the judgment entered in the action.

*Held:* The Code authorizes the Court to modify its orders in this respect. from time to time. (Civil Code, § 139.)

ID.—ID.—SERVICE OF ORDER—DISOBEDIENCE OF ORDER.—No copy of the order was served upon the petitioner, but he was present in Court when it was made, and afterwards refused to obey it.

*Held:* This was sufficient to authorize a proceeding against him for con-
tempt.

ID.—ID.—SERVICE OF ORDER TO SHOW CAUSE—SHERIFF.—It was not nec-
essary that the order to show cause should be served by the sheriff or his
deputy.

ID.—ID.—JURISDICTION—LIABILITY TO COMPLY WITH ORDER.—The ques-
tion whether or not the petitioner was able to comply with the order for
alimony was one of fact, to be determined by the Court making the order
upon evidence.

ID.—ID.—UNDERTAKING ON APPEAL—STAY OF EXECUTION.—The order re-
quired the petitioner to pay as alimony $67.50 monthly until the further
order of the Court. The petitioner appealed, and filed besides the un-
dertaking for costs another undertaking in double the sum which he was
required to pay each month.

*Held:* The undertaking did not stay the execution of the order pending the
appeal.

ID.—ID.—ID.—ID.—APPEAL.—*Query,* Whether any undertaking could be
given which would operate as a stay of the execution of the order pend-
ing the appeal, or whether any appeal lies from such an order, are ques-
tions which do not necessarily arise in this case, and which are therefore
not decided.

APPLICATION for discharge upon writ of *habeas corpus.*

No briefs on file.

The COURT:

The petitioner asks to be discharged from imprisonment
for an alleged contempt of Court in disobeying its order to
pay alimony.

1. It is claimed that the Court exceeded its jurisdiction in
increasing the amount over that decreed to be paid by the
judgment entered in the action. The Code, however, author-
izes the Court to modify its orders in this respect from time
to time.   (C. C., § 139.)

2. The petitioner denies that a written notice of the order
was ever served upon him. He does not deny that he in fact
had notice thereof. And the plaintiff in her affidavit to ob-
tain an order upon him to show cause why he should not be
punished for contempt of Court in disobeying said order,
states that said petitioner was present in Court when the
same was made, and that he refused to obey it. The peti-
tioner does not deny that a demand of payment of the
amount ordered to be paid by said order of November 5,
1881, was made upon him. If he was present in Court when
the order was made, and a demand was thereafter made upon

him to comply with it, that was certainly sufficient to author-
ize a proceeding against him for contempt in not obeying it.

3. The objection that the order to show cause was not
served by the Sheriff or some deputy of his, does not seem to
be much relied upon, and we are not aware of any provision
of the Code that requires it should be so served.   Besides,
it appears that petitioner appeared in Court in obedience to
said order, and made response thereto.

4. The question whether or not the petitioner was able to
comply with said order, was one of fact, to be determined by
the Court making the order upon evidence.   It appears that
the parties had a hearing, and that the answer of the peti-
tioner and the evidence taken were duly considered by the
Court, which found that he was able to comply with said
order, and was guilty of a contempt in not complying with it.

5. On the same day that the petitioner was adjudged
guilty of a contempt and ordered to be committed therefor,
he served upon the plaintiff's attorney, a notice of appeal
from said order of November 5, 1881, for the disobedience of
which, he was so adjudged guilty of a contempt, and it is
claimed that by said appeal the proceedings in the contempt
case were stayed.   In no event would that be so, unless the
undertaking required to be given by law for that purpose
was duly executed and filed.   The order appealed from in
this case requires that the petitioner shall pay as alimony,
sixty-seven dollars and fifty cents monthly, until the further
order of the Court.   It is not an order for the payment of a
specific sum of money, but a continuous allotment of sums
payable at regular intervals, for the support and maintenance
of the plaintiff in the action of divorce and the children of
the marriage, whose custody and care were awarded to said
plaintiff.   The petitioner executed and filed an undertaking
in the sum of three hundred dollars on appeal, and another
in double the sum which he was required to pay each month
for alimony, which he claims is sufficient to stay the execu-
tion of the order pending the appeal.   It is obvious, however,
that that is not double the amount named in the order which
requires that sixty-seven dollars and fifty cents shall be paid
each month for an indefinite number of months.   Whether
any undertaking could be given which would operate as a

stay of the execution of the order pending the appeal, or whether any appeal lies from such an order, are questions which do not necessarily arise in this case, and we therefore express no opinion upon them.

Petitioner remanded.