[S. F. No. 5126. In Bank.—November 16, 1908.]

In Re J. H. McCARTY, Petitioner for a Writ of Certiorari.

CONTEMPT FOR FAILURE TO PAY ALIMONY—JURISDICTION—AFFIDAVIT SHOWING ABILITY TO PAY.—Where a valid order has been made directing a husband to pay a monthly sum to his wife as alimony in an action of divorce, and such order finds that he has the ability to make the payments, it is unnecessary, in order to confer jurisdiction on the court of a subsequent proceeding to punish him for contempt for failure to comply with the order, that the affidavit of the wife, on which the proceeding is based, should state that he then had the ability to make the payments. On the hearing of the contempt proceeding, the wife would establish a *prima facie* case by producing the original order for alimony, and proving the refusal of the husband to make payment according to its terms. The husband could then purge himself of contempt by presenting any legitimate excuse he might have, including the fact that since the making of the original order he has become unable to pay the alimony.

ID.—CONTEMPT PROCEEDING BASED ON SUBSEQUENT ORDER FOR PAYMENT.—Where an original order has been made directing a husband to pay a monthly sum to his wife as alimony in an action of divorce, and a subsequent order is made requiring him to pay her a portion of the amount delinquent thereon by a specified future date, the court then finding that he had the ability to pay such amount, and directing that in the event of payment not being made at the time stated he should be found and adjudged guilty of contempt, no jurisdiction is acquired to punish him for a violation of such subsequent order, in the absence of an affidavit showing his failure to comply with its terms, and an opportunity, after citation, to show cause why he should not be punished for disobeying the order.

ID.—CONTEMPT OUT OF PRESENCE OF COURT.—The contempt in disobeying such subsequent order was a constructive contempt, committed out of the presence of the court, and in order to invest the court with jurisdiction to proceed to punish for it, an affidavit setting forth the fact of non-compliance with it was essential. In the absence of such affidavit, and citation to the husband, an order punishing him for contempt is void for want of jurisdiction.

ID.—VOLUNTARY APPEARANCE AND ADMISSION OF CONTEMPT—FACTS
MUST APPEAR IN RECORD.—If the husband had voluntarily appeared
in court at the time the order punishing him for contempt was made,
and had then admitted non-compliance with the terms of the sub-
sequent order, and had expressed his intention not to comply there-
with, such conduct might be treated as a contempt in the presence
of the court, but to sustain the order of punishment on such ground
it would be necessary for the record of conviction to show such facts.

ID.—JURISDICTION IN CONTEMPT PROCEEDINGS.—Proceedings in contempt
are in their nature criminal in character. The court exercises but a
limited jurisdiction in such proceedings, and the record of the court
upon which the party is adjudged guilty of contempt should show
upon its face the facts upon which the judicial action is based and
upon which its jurisdiction depended.

PETITION for a Writ of Certiorari to review a judgment
of the Superior Court of the City and County of San Fran-
cisco convicting the petitioner of a contempt of court.

The facts are stated in the opinion of the court.

F. V. Meyers, for Petitioner.

Alfred H. Cohen, and Milton Shepardson, for Respondent.

LORIGAN, J.—This is a proceeding to review a judgment
of the superior court of the city and county of San Francisco
convicting petitioner of a contempt of court in failing to pay
certain alimony awarded in an action for divorce pending
between his wife and himself.

In that action the superior court, on April 20, 1908, entered
an order directing payment by petitioner to his wife of ninety
dollars per month alimony *pendente lite*, which he paid for
two months, and failing to make further payment his wife,
on August 14, 1908, filed and presented to the superior court
her affidavit stating such neglect and failure to pay, upon
which the said court issued a citation to petitioner to show
cause, on a day stated, why he should not be punished for
contempt in failing and refusing to comply with said order.

The matter coming on for hearing on September 8, 1908,
petitioner appearing in response to the citation, and evidence
being taken, the court made an order directing the petitioner
to pay to his wife the sum of one hundred and fifty dollars
at or before eleven o'clock A. M. on the eighteenth day of Sep-

tember, 1908. The court also found that petitioner was able to pay said sum and had ample means to do so, and directed that in the event said sum was not paid at the time stated, petitioner should be found and adjudged guilty of contempt of court for failure to comply with the order by not making the payment.

The order before us for review, after reciting the above matters, proceeds as follows: "That on said 18th day of September, 1908, said cause coming on regularly for hearing, testimony having been offered and received by the court, and the cause having been submitted to the court, and it satisfactorily appearing to the court that said order of September 8, 1908, directing the defendant to pay plaintiff the sum of $150 has not been complied with on the part of the defendant, and it appearing to the court that said J. H. McCarty is able to comply with said order, but willfully refuses to pay plaintiff said $150 so ordered to be paid, and it further appearing that said defendant had ample property with which to pay the same, said J. H. McCarty is therefore hereby adjudged to be guilty of contempt of said court . . ." The court thereupon ordered petitioner committed to the custody of the sheriff of the city and county of San Francisco to be imprisoned in the county jail thereof until he complied with said order of September 8, 1908, by paying the sum of one hundred and fifty dollars to his wife.

It is the validity of this order that the petitioner attacks in this proceeding.

It is claimed by the petitioner that the superior court exceeded its jurisdiction in making the order adjudging him guilty of contempt and that it is void. He insists, first, that the affidavit of his wife, made on August 14, 1908, under which the proceeding for contempt was initiated was fatally defective because it did not contain a statement that the petitioner was able to pay the amounts which it was stated therein he had failed to pay. He insists that it was not enough to confer jurisdiction upon the court to proceed to punish him for contempt to state only in the affidavit that he had failed to make payment, but that it was a prerequisite to the exercise of such jurisdiction that it should have been also stated therein that he had the then ability to pay; that non-payment and ability to pay were both jurisdictional facts.

necessary to be stated in the affidavit in order to make a case of contempt and to warrant the court in exercising its jurisdiction to proceed to punish him for it. We do not think there is any merit in this position. The court in the original order of April 20, 1908, found the petitioner had the ability to pay his wife ninety dollars a month, and ordered him to make such payment. While to support the original order it was necessary for the court to find that the petitioner had the ability to pay alimony, the order itself, as far as it related to any affirmative duty to be performed by the petitioner, required only the payment of such alimony by him in the amount and at the time specified in the order. The contempt for which he might be proceeded against consisted in disobeying the only thing that the order required,—namely, payment of the sum awarded. It is for this non-payment that the proceedings in contempt are authorized, and it is only necessary that the affidavit, which constitutes the basis for judicial action in such a proceeding, should show the making of the order for alimony and the fact of the refusal of a husband to make payment as so ordered. It is not necessary for a wife on the hearing of a contempt proceeding for nonpayment of alimony to prove anything more than the making of the order and disobedience of it by her husband in refusing to pay the amounts which the court found he had the ability to do when it made the order. She makes a *prima facie* case at the hearing by producing the original order, and by proof of the refusal of her husband to make payment according to its terms, and this being true she is not required to set forth in her affidavit anything more than she is required to prove. The proceeding in contempt is designed to punish the delinquent husband for disobeying the order of the court and to enforce obedience to it, and at the same time an opportunity is given him to purge himself of contempt by presenting any legitimate excuse he may have, and if his excuse is that since the making of the original order he has become unable to pay the alimony required by it, it is incumbent upon him to prove that fact. He is in the best position to show why for any reason he has not obeyed the order, and it is his duty to do so as a matter of defense. It is not necessary for the wife to allege his ability to comply with the original order. The court had originally found that he had such ability, and the only

jurisdictional facts required to be stated in the affidavit were the making of the order and disobedience to it by refusal to pay. These the affidavit contained and were all that it was requisite jurisdictionally that it should contain.

But while there is no merit in this first contention of petitioner, we are satisfied that another point urged by him is fatal to the validity of the order adjudging him guilty of contempt.

It will be observed that the order of September 8, 1908, directed the petitioner to make payment of the sum of one hundred and fifty dollars by eleven o'clock on September 18th of the same year, the court then finding that the petitioner had the ability to pay this amount. It is to be assumed that this lump sum, which was ordered paid by the eighteenth day of September, represented a portion of the amount for which the petitioner was delinquent in payment under the original order of April 20, 1908. However, while it would not affect the integrity of the order of April 20th, this order of September 8th for the payment of one hundred and fifty dollars was an independent order, and is the one for the alleged disobedience to which the respondent adjudged the petitioner guilty of contempt on September 18th. But it is quite clear from the record presented here, and upon the face of which the validity of the judgment of contempt must be determined, that the court had acquired no jurisdiction on September 18th to proceed against the petitioner for the violation of the order of September 8th. That order, as we have said, was a new one directing payment to be made at a future date. It was no different from any other order directing the payment of alimony at a time or times subsequent to its making, and in order to invest a court with jurisdiction to proceed against the petitioner for its violation, it was necessary that any proceeding for contempt should have been inaugurated in the same manner that the law requires as to the violation of all orders for alimony,—namely, by an affidavit showing the failure of the petitioner to comply with its terms, and affording him an opportunity, after a citation, to show cause why he should not be punished for disobeying the order. The contempt of which the court undertook to adjudge the petitioner guilty was not a contempt committed in the presence of the court for which it might deal with the petitioner sum-

marily, as provided in section 1211 of the Code of Civil Procedure, but it was a constructive contempt—one committed without the presence of the court—and consisting of a failure to pay to the plaintiff herself in a given time the amount ordered to be paid. The order did not require payment in court but payment outside of it. The court could have no knowledge of the disobedience of its order save upon an affidavit showing the fact of non-payment. In such a case, where the contempt is, a constructive one, in order to invest the court with jurisdiction to proceed to punish for it, it is essentially a prerequisite to the exercise of such jurisdiction that an affidavit setting forth the fact of non-compliance with the order should have been presented to the court. This is so clearly the law that section 1211 of the Code of Civil Procedure, *Hutton* v. *Superior Court,* 147 Cal. 156, [81 Pac. 409], and *Otis* v. *Superior Court,* 148 Cal. 129, [82 Pac. 853], need only be referred to as establishing it. When the court proceeded on September 18th to investigate the matter of contempt on the part of petitioner in failing to comply with its order of September 8th, and adjudged him guilty of contempt therefor, no affidavit had been made showing non-compliance with that order, and necessarily no citation to show cause had been issued. Under these circumstances the court never acquired jurisdiction to proceed in the matter, and its order, for want of such jurisdiction, was void. While it was conceded on the hearing that no affidavit had been filed as a jurisdictional prerequisite to sustain the judgment of conviction by the court, it is insisted by the respondent that the court had regularly continued the further hearing inaugurated under the affidavit of August 14, 1908, from the eighth day of September, 1908, when the order for payment was made, until the 18th of that month; that the petitioner on the latter date appeared in court and refused to make the payment which had been ordered.

But these are matters entirely outside the record. There is nothing in the record showing any continuance, as asserted, nor anything showing that the petitioner appeared in court on the 18th and refused to make full payment. Assuming that the petitioner had voluntarily appeared in court on the 18th of September, and upon an examination as to whether he had made payment in compliance with the order it ap-

peared that he had not, and that he had then used language showing an intention and disposition not to do so, which might be treated as a contempt in the presence of the court, as in the case of *Ex parte Robinson*, 71 Cal. 608, [12 Pac. 794], upon which respondent relies, still it would have been necessary to have the record show the facts in order to sustain the judgment of conviction. Proceedings in contempt are in their nature criminal in character. The court exercises but a limited jurisdiction in such proceedings, and the record of the court upon which the party is adjudged guilty of contempt should show upon its face the facts upon which the judicial action is based and upon which its jurisdiction depended. (*Overend* v. *Superior Court*, 131 Cal. 280, [63 Pac. 372]; *Otis* v. *Superior Court*, 148 Cal. 129, [82 Pac. 853].)

The record here does not show that the court ever acquired jurisdiction to proceed against the petitioner for disobedience to the order of September 8, 1908, either by reason of the hearing having been regularly continued from that date until the eighteenth day of the same month, or under any affidavit filed setting up the fact of his refusal to comply with the order, or in any other manner.

It follows, therefore, that the order adjudging the petitioner guilty of contempt was void for want of jurisdiction in the superior court to make it and it is hereby annulled. The clerk of this court is directed to transmit a copy of the judgment to the clerk of the superior court in which the order of conviction was made.

Angellotti, J., Shaw, J., Sloss, J., and Melvin, J., concurred.