[Crim. No. 1469. In Bank.—November 20, 1908.]

## Ex Parte HERMAN JOUTSEN, on Habeas Corpus.

PRACTICE—COMMENCEMENT AND PENDENCY OF ACTION.—Under the provisions of sections 405 and 1049 of the Code of Civil Procedure an action is commenced by the filing of the complaint and is deemed to be pending from that time until its final determination on appeal, or until the time for appeal has passed, unless the judgment is sooner satisfied.

ID.—DEMURRER SUSTAINED TO COMPLAINT.—Where a demurrer has been sustained to a complaint and leave given to file an amended complaint within a designated time and the time has not expired, the action is still pending in the court that sustained the demurrer, although no amended complaint has been filed.

ID.—DIVORCE—ALIMONY MAY BE ORDERED BEFORE AMENDED COMPLAINT IS FILED—APPEAL—HABEAS CORPUS.—Under section 137 of the Civil Code, the trial court is authorized, at any time during the pendency of an action for divorce, to require the husband to pay as alimony any money necessary to enable the wife to support herself and her children, or to prosecute or defend the action, and it is within its jurisdiction to make such order after a demurrer to her complaint has been sustained, with leave to amend, and before an amended complaint has been filed. Error in such order can only be reviewed on appeal and cannot be taken advantage of by the husband in proceedings on *habeas corpus* instituted by him to procure his discharge from an imprisonment for contempt for refusing to obey such order.

ID.—HABEAS CORPUS PROCEEDINGS ONLY ASSAIL JURISDICTION.—Proceedings on *habeas corpus* go only to the question of the jurisdiction of the lower court, and if such jurisdiction has not been exceeded, the petitioner can obtain no relief therein.

ID.—EVIDENCE OF MARRIAGE RELATION ON HEARING FOR ALIMONY.— In proceedings on *habeas corpus*, instituted by a husband to procure his discharge from imprisonment for contempt in refusing to obey an order directing him to pay alimony in an action for divorce, in which the court had jurisdiction, and in which he had been served with summons and had appeared, the objection cannot be raised that an existing marriage relation between himself and the person claiming to be his wife was not shown to the court in that action at the time of the making of the order for alimony. If the court made the order without such evidence, it was an error made in the exercise of its jurisdiction, which can only be reviewed on appeal.

ID.—CONTEMPT—IMPRISONMENT FOR REFUSAL TO PAY ALIMONY.—Under section 1219 of the Code of Civil Procedure, a husband who is found by the court to have the present ability to comply with an order directing him to pay alimony, may be ordered to be imprisoned until he has complied with it.

APPLICATION on Habeas Corpus to be discharged from an imprisonment on account of the petitioner's refusal to comply with an order directing him to pay alimony.

The facts are stated in the opinion of the court.

Austin Lewis, for Petitioner.

Walter J. Burpee, for Respondent.

ANGELLOTTI, J.—The petitioner seeks his discharge from the custody of the sheriff of Alameda County, by whom he is held under a judgment of the superior court of that county, adjudging him guilty of a contempt of court in failing and refusing to pay to Selma Joutsen certain sums ordered paid by said court in a divorce action instituted by said Selma Joutsen against him, as alimony *pendente lite*. counsel fees, and costs, and directing that he be imprisoned in the county jail of said county "for the term of five days and until he comply with said order by paying plaintiff said sums."

The divorce action was instituted January 23, 1908, the complaint alleging that plaintiff and defendant intermarried in March, 1894, but failing to allege in terms that the parties were husband and wife at the date of the commencement of the action.  On the same date, on the affidavit of plaintiff, an order was made requiring Joutsen to show cause why an order should not be made directing him to pay the plaintiff fifty dollars per month alimony *pendente lite*, thirty dollars costs and seventy-five dollars attorney fees.  Summons in said action and the order to show cause having been duly served on petitioner, he, on January 27th, filed in said court his demurrer to the complaint of plaintiff, based on various grounds, including that of want of facts sufficient to state a cause of action.  The demurrer and order to show cause came on for hearing January 31, 1908.  Thereupon, an order was made sustaining the demurrer, with leave to plaintiff to amend within ten days.  The court then proceeded with the hearing on the order to show cause and a motion of petitioner to vacate the same, and, after argument and before any amended complaint had been filed, made its order that petitioner pay the plaintiff on or before February 10, 1908, and on the tenth day of each month thereafter, the sum of fifty dollars alimony; and that he also pay plaintiff on or before February 19, 1908, the sum of ten dollars on account of costs of suit and fifty dollars for her attorney fees in said action.  This order was duly served on petitioner.  It was for his failure to comply with this order that the contempt proceedings were instituted on March 11th, and he was adjudged guilty of contempt.

The principal point made by counsel for petitioner in this proceeding, is that this order was absolutely void and could

not serve as the basis of a lawful judgment in contempt proceedings, for the reasons—1. That at the time it was made there was no complaint on file, the original complaint having been abrogated by the ruling sustaining the demurrer; and 2. That it was not first established that plaintiff was then the wife of defendant.

As to the first point made against this order: Section 137 of the Civil Code in terms authorizes the court, at any time *during the pendency of an action for divorce,* in its discretion to require the husband to pay as alimony any money necessary to enable the wife to support herself and her children or to prosecute or defend the action. A civil action is commenced by the filing of the complaint (Code Civ. Proc., sec. 405), and is deemed to be pending from the time of such commencement until its final determination on appeal, or until the time for appeal has passed, unless the judgment is sooner satisfied (Code Civ. Proc., sec. 1049). The fact that a demurrer has been sustained to a complaint does not render the action one no longer pending. Where upon such a ruling, leave is given to file an amended complaint within a designated time, and the time has not expired, the action is still pending in the court that sustained the demurrer, although no amended complaint has been filed. This was expressly held in *Ex parte Barry,* 85 Cal. 603, [20 Am. St. Rep. 248, 25 Pac. 256], and is necessarily the case. So we have express statutory authority for the making of such order *at any time* after the filing of the original complaint and prior to the termination of the action, provided always, of course, that the court has obtained jurisdiction over the person of defendant by service of summons or his voluntary appearance. (See *Baker* v. *Baker,* 136 Cal. 305, [68 Pac. 971].) It may be that an order for alimony, costs, or counsel fees might be held erroneous if made in the absence of a complaint showing a cause of action for divorce, but as to this we need express no opinion. Certainly, such an order so made during the pendency of the action cannot be held to have been beyond the jurisdiction of the court and void. At most, it was only error in the exercise of its jurisdiction. For any such error prejudicially affecting the defendant's right in such a case, the only remedy is by direct appeal from the order, which right the defendant is given by our law. On such an appeal,

the exercise of its discretion by the lower court can be reviewed, and if there has been an abuse of the discretion confided to it by statute, the order may be reversed. But proceedings on *habeas corpus* go only to the question of the jurisdiction of the lower court, and if such jurisdiction has not been exceeded, the petitioner can obtain no relief therein. The attack here on the order directing the payment of alimony, costs, and counsel fees is purely a collateral attack, and all that is necessary to sustain it against such an attack is that it was made in a pending action for divorce, in which the court had acquired jurisdiction of the defendant.

As to the second point made against such order: Petitioner does not here allege that there is not an existing marriage relation between himself and plaintiff in the divorce action. His claim is that this fact was not shown to the court in that action at the time of the making of the order for alimony. He relies upon the doctrine of *Hite* v. *Hite,* 124 Cal. 389, [71 Am. St. Rep. 82, 57 Pac. 227], where it was held, on a direct appeal from such an order, that to justify alimony *pendente lite,* marriage must be admitted or proven, and that more than the making of a *prima facie* case is essential, and where it was said that unless upon that question the husband has had his day in court and a hearing, if alimony is allowed, his property is taken without due process of law. What we have said in discussing the first point would appear to be applicable here. It is recognized by the Hite case, and is manifestly true, that the question of fact whether there is an existing marriage between the parties to the divorce action is addressed to the court hearing the motion for alimony, and it is to be determined by it on that motion in the same manner as any other question of fact is determined. Its order in the case at bar granting the alimony was a determination among other things that there was such an existing marriage between the parties. If the court so determined without sufficient or even any evidence, it simply erred in its conclusion, and such an error can be reviewed only on appeal from the order. There was no excess of jurisdiction in making the order. As we have said, *Hite* v. *Hite,* 124 Cal. 389, [71 Am. St. Rep. 82, 57 Pac. 227], was an appeal from such an order. The same is true of every case cited by petitioner on this subject, and also of every case we have been able to find.

It is said that an order in a contempt proceeding directing a party to be imprisoned until he has complied with the order requiring the payment of money is unlawful unless the party is able to make such payment. This may be conceded. We have no imprisonment for debt in this country. But in the contempt proceeding under review, the court in terms found that the petitioner "at all times has been and now is able to pay such sums and the whole thereof." His offense for which he is being imprisoned is his failure to obey the order of the court when he has the ability to comply with it. His case is covered by section 1219 of the Code of Civil Procedure, which provides: "When the contempt consists in the omission to perform an act which is yet in the power of the person to perform, he may be imprisoned until he have performed it." The case of *Ex parte Todd*, 119 Cal. 57, [50 Pac. 1071], is not at all in point.

There is no other point made in the brief of counsel for petitioner that requires notice here. Many of the points so made relate to matters that can be considered on an appeal from the order and not on *habeas corpus*. We have considered each of the twenty-seven points made in the petition, and all those made in the brief, and find no reason to doubt the validity of the judgment in the contempt proceedings.

The writ heretofore issued is discharged and the petitioner remanded to the custody of the sheriff of Alameda County.

Shaw, J., Sloss, J., Lorigan, J., and Henshaw, J., concurred.