[Crim. No. 2482. In Bank.—July 21, 1922.]

Matter of the Application of MARY M. SELOWSKY for Writ of Habeas Corpus.

[1] Habeas Corpus—Imprisonment Under Judgment of Contempt—Scope of Inquiry.—In a proceeding in *habeas corpus* to obtain release from imprisonment under a judgment of contempt, the only inquiry that can be made is with reference to the jurisdiction of the court which made the judgment of which the imprisonment is a part.

[2] Id.—Determination of Jurisdiction—Record in Case.—In a proceeding in *habeas corpus* to obtain release from imprisonment under a judgment of contempt, the question of jurisdiction of the court which made the judgment must be determined by the record in the case, and if jurisdiction is thereby shown, extrinsic evidence cannot be allowed to contradict it.

[3] Contempt—Jurisdiction—Affidavit—Filing With Clerk.—In a special proceeding of a civil nature under title V, part III, of the Code of Civil Procedure, jurisdiction to punish for a contempt committed out of the presence of the court is acquired upon the presentation to it of an affidavit stating the facts constituting the contempt, and is not conditional upon the filing of such an affidavit with the clerk, and a judgment of contempt is not invalid because of the failure to have the affidavit filed until the day on which the judgment is rendered.

APPLICATION for a Writ of Habeas Corpus to obtain release from imprisonment under a judgment of contempt. Denied.

The facts are stated in the opinion of the court.

D. M. Duffy for Petitioner.

Clarence N. Riggins for Respondent.

SHAW, C. J.—Application is made herein for a writ of *habeas corpus,* in order to release from custody Mary M. Selowsky. The ground of the petition is that the judgment of contempt upon which she is imprisoned is void.

[1] In a proceeding in *habeas corpus* in a case of this character the only inquiry that can be made is with reference to the jurisdiction of the court which made the judgment of which the imprisonment is a part. (*Ex Parte Joutsen,* 154 Cal. 544 [98 Pac. 391]; 1 Bailey on Jurisprudence, sec. 311.) [2] The question of jurisdiction must be determined by the record in the case, and if jurisdiction is thereby shown, extrinsic evidence cannot be allowed to contradict it. (1 Bailey on Jurisprudence, sec. 526.) The judgment in the present case was a judgment convicting Mrs. Selowsky of contempt of court for a violation of a previous judgment of the court enjoining her from maintaining a nuisance on certain premises in Napa county.

[3] The contempt charged against Mrs. Selowsky was committed out of the presence of the court. The point of objection to the judgment of contempt arises from the contention that at the time of the proceedings leading up to that judgment no affidavit stating the facts constituting the contempt had been filed in the superior court. The facts relating to this subject are as follows: On April 17, 1922, the district attorney of Napa county presented to the superior court of that county his verified petition, supported by an affidavit, adequately stating the facts which constituted the contempt of which Mrs. Selowsky was finally adjudged guilty. Thereupon the court made an order directing her to appear and show cause on April 24, 1922, why she should not be punished for such contempt. This order, with copies of the petition and affidavit, so presented to the court, were duly served on Mrs. Selowsky on April 17, 1922. On the 24th the parties appeared in court and the hearing was continued to May 16, 1922, on which day, the parties all being present, the evidence was heard relating to the matter and the case was submitted to

the court for decision. In the meantime it appears that the affidavit and petition in which the order to show cause was issued had not been marked "Filed" by the clerk of said court. The order to show cause, together with the copies of the affidavit and petition of the district attorney, were delivered to the sheriff on April 17, 1922, for service, and at the same time, in some manner, he obtained possession of the original affidavit and petition of the district attorney. Thereafter the originals remained in his possession until June 12, 1922. On that day the said original petition and affidavit were marked "Filed" by the clerk of the court as of that day, and at that time the court pronounced its judgment and sentence in the matter of the contempt, adjudging said Selowsky guilty and imposing a fine of one thousand dollars and imprisonment of six months in the county jail.

The contention of Mrs. Selowsky is that the superior court has no jurisdiction to proceed in a matter of contempt committed out of its presence unless and until an affidavit charging the contempt in question is filed with the clerk of said court.

We are of the opinion that this point is not well taken. The proceeding was not a prosecution for a criminal contempt under section 166 of the Penal Code, but a "special proceeding of a civil nature," under title V, part III of the Code of Civil Procedure (secs. 1209–1222). While it is frequently described as *quasi*-criminal in opinions on the subject, the procedure to be followed is that prescribed in the Code of Civil Procedure, and the mode by which the court obtains jurisdiction is that which is given in section 1211, as follows: "When the contempt is not committed in the immediate view and presence of the court, or judge at chambers, an affidavit shall be presented to the court or judge, of the facts constituting the contempt, or a statement of the facts by the referees or arbitrators, or other judicial officer." No other or different proceeding is necessary to set the power of the court in motion in such a case. Therefore, when the district attorney presented to the court the affidavit stating the facts constituting the contempt, the jurisdiction of the court over the subject matter at once attached, and when the order to show cause was thereafter made and service was made by delivering copies of the order

and affidavit to the accused, the court thereby obtained jurisdiction of the person. The code does not require that the affidavit shall be filed, or shall be so marked by the clerk, either as a condition precedent to obtaining jurisdiction, or as a condition necessary to retain it. His failure to do so, or the failure of the court or the district attorney to deliver it to him to be filed, could not divest the court of jurisdiction to proceed. These acts were purely ministerial, and ministerial misprisions after jurisdiction has been obtained are mere irregularities of procedure and are not fatal to the jurisdiction of the court or to the validity of its orders or judgments. The only part of the record to be looked to is that part which relates to the acquisition of jurisdiction. Irregularities in procedure thereafter and prior to the judgment do not affect or divest the jurisdiction after it has attached. The record on that subject in this case shows that all the steps necessary to give the 'court jurisdiction to pronounce the judgment were regularly taken. The judgment of contempt is therefore valid regardless of the failure to have the affidavit filed until the day on which the judgment was rendered.

The remarks in *Ex parte Williams*, 183 Cal. 11 [190 Pac. 163], were, of course, made with reference to the requirements of the Penal Code as to the procedure in the prosecution of misdemeanors in police courts. That code at least implies that the complaint against the accused person must be filed with the court before it can proceed in such a case. The decision, of course, can have no application to a special proceeding of a civil nature under section 1211, Code of Civil Procedure. The statement in the opinion of the district court of appeal in *Metzler* v. *Superior Court*, 54 Cal. App. 59 [201 Pac. 139, 142] to the effect that the "filing of an affidavit" in such a case is necessary to a valid judgment was made with reference to the case there presented where no affidavit had been presented, or even made, and where the court had issued the order to show cause solely upon information obtained from the testimony of witnesses in a case pending before it. The question of the necessity for the filing was not before the court. The statement means no more than that there must be an affidavit and that such order cannot be issued upon oral testimony.

.There are no decisions to the effect that the court cannot proceed unless the affidavit is first filed. No other objection to the validity of the judgment is worthy of mention.

The petition for a writ of *habeas corpus* is denied.

Richards, J., *pro tem.*, Lawlor, J., Wilbur, J., Waste, J., and Lennon, J., concurred.