[Civ. No. 4767.  Second Appellate District, Division Two.—October 20, 1924.]

## ARTHUR C. YOUNG, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

[1] CONTEMPT—AFFIDAVIT—DIVORCE—JURISDICTION—CERTIORARI. — The affidavit in constructive contempt is the equivalent of a complaint and is required to show that a contempt has been committed; and where the affidavit charging a husband with failure to comply with the alimony provisions of a divorce decree fails to show notice to the husband of the making of the order for alimony, an order adjudging him guilty of contempt in not complying with such provisions is void for want of jurisdiction, and will be annulled on *certiorari.*

(1) 13 C. J., pp. 65, 66, sec. 89.

PROCEEDING in Certiorari to review an order of the Superior Court of Los Angeles County adjudging petitioner guilty of contempt. Paul Burks, Judge.  Order annulled.

The facts are stated in the opinion of the court.

William Ellis Lady for Petitioner.

Edward T. Bishop, County Counsel, and Roy M. Dowds, Deputy County Counsel, for Respondents.

CRAIG, J.—The petitioner herein was adjudged guilty of contempt of court for noncompliance with the provisions of an interlocutory decree of divorce directing him to pay stated monthly amounts of money for the maintenance and support of two minor children.  He prays a writ of review, alleging that the trial court had no jurisdiction to entertain the contempt proceedings because the affidavit upon which they were founded did not show that he was served with or knew of the order requiring such payments to be made.

It appears that on June 1, 1922, Bertha T. Newcomb, formerly Bertha T. Young, obtained an interlocutory decree

1. See 6 R. C. L. 506, 531; 5 Cal. Jur. 940.

of divorce from petitioner, which subsequently was made final. She was thereby awarded the custody of their two children, now of the ages of three and five years, respectively, and petitioner was ordered to pay $50 per month, beginning July 1, 1922, for the support and maintenance of said children. On April 26, 1924, said Bertha T. Newcomb made affidavit that petitioner had not complied with said decree, and that the sum of $260 was due and unpaid; and was needed for the maintenance and support of the children; that petitioner then was and had been steadily employed at a salary sufficient to meet his own common needs and to pay the alimony so ordered; that "upon asking defendant recently to make up these back payments that he used abusive and insulting language to her and refused to pay more than he had paid her."

An order to show cause was issued and upon the hearing, May 29, 1924, both parties appeared and introduced evidence. The court found that no payment was made in July or August, 1922, that $20 per month remained unpaid from and after September 1, 1923, and that $50 would become due June 1, 1924; it further found that the petitioner had "willfully, designedly, and with utter disregard for the order of this court held said court and its authority in contempt"; that he had steadily been employed at a salary of $125 to $135 per month, and had purchased a thousand dollar equity in real estate. It was thereupon ordered that petitioner pay a fine of $50 before June 1, 1924, or be committed to the county jail for the period of five days; that "he having the present ability so to do," petitioner pay the plaintiff $280 on June 1, 1924, or be committed to the custody of the sheriff for the period of five days from that date. The interlocutory decree was granted upon default; and the affidavit filed on this proceeding does not aver that petitioner was served with a copy thereof, nor does it aver that he knew of the order for alimony.

[1] In *Johnson* v. *Superior Court,* 63 Cal. 578, the supreme court ruled upon the identical question here presented. The proceeding was one for a writ of mandate. The wife of the petitioner began an action against him for divorce, and he filed an answer to her complaint; thereafter plaintiff's attorney served upon defendant's attorney a no-

tice of motion for an order that defendant pay plaintiff a reasonable sum for attorney's fees and costs. This motion was heard, and the court made an order such as asked for by the plaintiff. A certified copy of this order was delivered to the defendant in the state of Missouri, but he failed to comply with its provisions. Thereafter Johnson applied for an order to take certain depositions, which was refused upon the ground that the petitioner was in contempt of the court in having refused to obey the order for payment of costs and attorney's fees; whereupon, Johnson applied for a writ of mandate to compel the superior court to issue its order for taking the depositions. In its opinion the supreme court said: ''Before a party can be brought into contempt for not complying with an order of court, such order must be served upon him, and the mere delivery to a person in Missouri of a certified copy of an order made by a court in this State, would not be a service upon him within the meaning of the law.''

This decision has not been overruled or qualified. It was cited with approval in *Hennessy* v. *Nicol,* 105 Cal. 138 [38 Pac. 649]. *Brandes* v. *Superior Court,* 36 Cal. App. 567 [172 Pac. 113], was a proceeding in which the only issue ruled upon was the one before us for decision. The opinion quotes from *Hennessy* v. *Nicol, supra,* as follows: ''Before a party can be brought into contempt for not complying with an order of court, such order must be served upon him.'' And upon this authority a writ of review was granted because the trial court had found that the decree for whose disobedience the petitioner had been held in contempt had not been served upon her. Of course, these authorities do not decide that a party to the proceeding who has violated an order of court may not be held in contempt if it appear that he had actual knowledge of the contents of the order, since that proposition was not in issue.

As opposed to these authorities respondent relies upon certain cases which it is contended hold that in order to show jurisdiction in a contempt proceeding all that is necessary is the allegation in the petition upon which the order to show cause has issued that the order alleged to have been violated was made, and that the accused has disobeyed it. The decision principally relied upon is *In re McCarty,* 154 Cal.

534 [98 Pac. 540]. The opinion does say that a *prima facie* case is made "by producing the original order, and by proof of the refusal of her husband to make payment according to its terms, and this being true she is not required to set forth in her affidavit anything more than she is required to prove." It is to be observed that in this case no question was raised as to McCarty having been served with notice of the order for payment of alimony, etc. Further, the language of the supreme court does not negative the idea that the showing must include that of notice or knowledge of the defendant in the contempt proceeding of the making of the order which he has failed to obey. The opinion uses the word "refusal"; there must be a "refusal of the husband to make payments," etc. In order that one may be said to have refused he must be aware of the thing commanded to be done. To refuse is not merely to fail to do an act; there is contained in the meaning of the word "refuse" the idea of declining, of knowingly or intentionally refraining from performing the act ordered to be done.

It is said that every court is the exclusive judge of its own contempts and that upon the hearing for contempt the petitioner had no opportunity to show any facts constituting an excuse for not obeying the court's order, and that lack of knowledge of the order would be such an excuse; that the court having rendered its judgment, the same is not subject to review except upon the ground of want of jurisdiction. *Brandes* v. *Superior Court, supra,* is a complete answer to this contention. The court ordered a writ of review upon the sole ground that the record showed that the petitioner had not been served with notice of the order there in question. In doing so the district court of appeal necessarily held service of notice to be a jurisdictional fact and not merely a matter of evidence, because it is elementary that there must have been an excess of jurisdiction in the inferior tribunal in order that the writ of review may be granted. This being true, it follows that the affidavit must state such fact directly or must contain an allegation of other facts which, if true, amount to proof that there was service of the order which has been disobeyed upon the person cited for contempt, or that he had personal knowledge of the contents of the order. In *Mitchell* v. *Superior Court,* 163 Cal.

423 [125 Pac. 1061], the affidavit alleged that the defendant duly appeared in all the proceedings and at all times and dates therein mentioned. One of these dates was when the court made its order for payment of alimony. From this it clearly followed that the defendant must have had knowledge of the making of the order, and the supreme court so held. Respondent contends that the affidavit in the instant case is sufficient because it is stated therein that plaintiff attempted to obtain money from the defendant and that ''upon asking defendant recently to make up these back payments that he used abusive and insulting language to her and refused to pay more than he had paid her.'' From this allegation it does not appear that the petitioner was given information concerning the fact the the order for alimony had been made; it does not state that any order of court was mentioned; it avers that the payments were asked for and that a refusal was accompanied by conduct upon the part of petitioner which was quite improper, but for all the affidavit undertakes to say, he might have paid due respect to an order of the court and fully complied with it had he been informed of its existence.

The affidavit in constructive contempt is the equivalent of a complaint and is required to show that a contempt has been committed. (*Overend* v. *Superior Court,* 131 Cal. 280 [63 Pac. 372] ; *Hutton* v. *Superior Court,* 147 Cal. 156 [81 Pac. 410].) Inasmuch as the affidavit before us fails to show notice to the petitioner of the making of the order for alimony, the order adjudging the petitioner guilty of contempt was void for want of jurisdiction in the superior court to make it, and it is hereby annulled.

Finlayson, P. J., and Works, J., concurred.