[Crim. No. 1883. First Appellate District, Division Two.—March 16, 1936.]

In the Matter of the Application of H. WALTON HEEG-STRA for a Writ of Habeas Corpus.

McEnerney, Morris, Gillen & McEnerney and Leslie C. Gillen for Petitioner.

Raymond D. Williamson and Albert Picard for Respondent.

STURTEVANT, J.—The petitioner has applied for a writ of *habeas corpus*. In his petition he claims that he was adjudged guilty of contempt for failure to make a payment of maintenance to Grace Mildred Heegstra, his former wife, and that such order was made without any proof that he had not made such payment.

After the writ issued the sheriff of the city and county of San Francisco made a return in which he set forth the commitment. Among other things said commitment sets forth the following:

"Whereas, on May 9, 1934, a final judgment of divorce was entered in the above-entitled action, wherein it was decreed that H. Walton Heegstra, defendant above-named, should pay to Grace Mildred Heegstra, said plaintiff, the sum of one hundred twenty-five (125) dollars per month as and for the maintenance and support of said plaintiff, commencing on the 15th day of May, 1934, and payable on the 15th day of each and every month thereafter until the death or remarriage of said plaintiff; and

"Whereas, said plaintiff thereafter filed in said Court her affidavit charging said defendant with being in contempt of Court for failure to make payments as in said decree provided, and said Court duly made its order requiring said defendant to show cause why he should not be punished for contempt of Court for failing to make payments as in said decree provided, and said order to show cause having been regularly heard on various occasions to and including the 7th day of January, 1936, and evidence having been introduced and the matter submitted, said Court found that said defendant had failed to make payment to said plaintiff of the sum of two thousand two hundred eighty-two and 50/100 ($2,282.50) dollars, said sum being parts of monthly installments which fell due on the 15th days of the various months during said period, and that said defendant had at all times since the entry of said final decree and has the ability to comply with said final decree and to make the payments therein provided to be paid, *and said Court having on the 3rd day of January, 1936, ordered that said defendant pay to said plaintiff the sum of seventy-five (75) dollars on or before the hour of 9:00 o'clock A. M. of the 7th day of January, 1936, and the said defendant having failed and refused to pay said amount or any part thereof;* and said Court did thereupon adjudge and decree that the failure of said defendant to make said *payments* was and is wilful and constituted a contempt of Court, and did order, adjudge and decree that said defendant be confined in the County Jail of the City and County of San Francisco for five (5) days and for such further period of time thereafter until he should have complied with the *orders* of said Court; . . . " (Italics ours.) Although no stipulation to that effect was made on the hearing in this court the petition was treated as a traverse to the return. In the petition it is alleged that on the 3d day of January, 1936, the judge before whom the hearing on the subject of delinquent payments arose " . . . directed petitioner to make payment of the sum of seventy-five (75) dollars prior to the hour of 9 o'clock A. M. of the 7th day of January, 1936, this sum which was so ordered to be paid prior to the hour of 9 o'clock A. M. on the 7th day of January, 1936, represented a portion of the amount for which the petitioner was delinquent in payment under the order contained in the aforesaid final judgment of divorce filed on the 9th day of May, 1934. . . . " It is also alleged

that " . . . on the 7th day of January, 1936, there was no affidavit or other record showing a failure or refusal on the part of petitioner to comply with the order of January 3, 1936, . . . '' Again it is alleged ''That the cause out of which the alleged contempt of petitioner arose was never submitted to the court for adjudication by petitioner or petitioner's counsel, . . . ''

That the $75 specified in the order dated January 3, 1936, was a part and portion of the larger sum $2,282.50 found to be due on January 7, 1936, may be accepted as a fact as the commitment for contempt contains no recital to the contrary.

 The claim that prior to the making of the order of commitment for contempt, no affidavit or other record showing a failure or refusal on the part of petitioner to comply with the order of January 3, 1936, was presented to the trial court may not be sustained. That claim is at variance with the recitals contained in the said order of commitment. In this proceeding every recital contained in said order is conclusive. (*Ex parte Sterns*, 77 Cal. 156, 163 [19 Pac. 275, 11 Am. St. Rep. 251] ; *Ex parte Ah Men*, 77 Cal. 198, 203 [19 Pac. 380, 11 Am. St. Rep. 263] ; *In re Selowsky*, 189 Cal. 331, 332 [208 Pac. 99].) And, for the same reasons, this court may not inquire into the allegation that the hearing on the delinquent payments was never submitted to the trial court.

 The principal contention of the petitioner is that he was committed for failure to comply with the order dated January 3, 1936, that said order was an independent order, and that no hearing was had on the subject of his compliance or noncompliance therewith. (*In re McCarty*, 154 Cal. 534 [98 Pac. 540].) However, that contention may not be sustained. An examination of the order of commitment discloses that it was based on noncompliance with the provision contained in the final judgment dated May 9, 1934. The most that can be said is that it contains some language to the effect that it is based on noncompliance with the judgment order dated May 9, 1934, and also on noncompliance with the order dated January 3, 1936. In that connection it should be noted that the time limit for complying with the order dated January 3, 1936, expired at the hour of 9 o'clock A. M. on January 7, 1936. Presumably court did not convene on that date until 10 o'clock. The order of commitment expressly recites that the hearing on the nonpayments was had

" . . . on various occasions to and including the 7th day of January, 1936. . . . " In support of the judgment we must assume that further hearings were had after 9 o'clock on the 7th day of January, 1936.

It follows that the application should be denied and the petitioner remanded. It is so ordered.

Nourse, P. J., and Spence, J., concurred.