[Crim. No. 1963.   First Appellate District, Division Two.—August 10, 1937.]

In re WILLIAM ELLERY on Habeas Corpus.

Charles N. Douglas and Clarence W. Morris for Petitioner.

Nathan C. Coghlan and Walter C. Frame for Respondent.

SPENCE, Acting P. J.—Petitioner was committed to the county jail pursuant to an order adjudging him guilty of contempt for failure to pay alimony. He seeks his release on *habeas corpus*.

On June 15, 1933, the trial court made its order directing petitioner to pay the sum of $250 per month for the support and maintenance of his wife. In March, 1937, the wife filed an affidavit showing that petitioner had failed to comply with said order and that petitioner was in arrears in a sum in excess of $5,000. The affidavit further showed that the wife was in dire need of money and that she needed $150 immediately for the purpose of a necessary operation. An order was issued directing petitioner to show cause why he should not be adjudged guilty of contempt for failure to make the payments ordered. Several hearings were had and while said proceedings were pending, the trial court made a further order on April 6, 1937, directing petitioner to pay to his wife "forthwith the sum of $150 on account of money due her under said judgment". Upon the second hearing following the making of the last-mentioned order, an order was made adjudging petitioner guilty of contempt and directing that petitioner be committed to the county jail to be there imprisoned until he paid said sum of $150.

Petitioner has filed three memoranda of points and authorities in this proceeding. In the first, the only heading found is "Second Contention". In the second, there are no headings whatever. In the third, the sole heading is "Facts". While section 2 of rule VIII of the Rules for the Supreme Court and District Courts of Appeal may not apply in express terms to a memorandum filed in an original proceeding as provided in section 2 of rule XXVI of said rules, we believe it to be the duty of counsel to assist the court in ascertaining the points to be considered by discussing each point separately under an appropriate heading in any memorandum filed in such original proceedings.

As we understand petitioner's argument, he contends that the affidavit of the wife was insufficient and that the trial court was therefore without jurisdiction to adjudge petitioner guilty of contempt. (5 Cal. Jur. 938, sec. 38.) We find no merit in this contention.

The first attack made upon the affidavit is that while it was alleged therein "that said defendant knew of and was

familiar with the terms and provisions of said order'', it was not alleged that petitioner had been served with said order. We are of the opinion that the allegations contained in the affidavit were sufficient as the disobedience of a lawful order of a court by one who has knowledge thereof constitutes contempt. (Code Civ. Proc., sec. 1209, subd. 5; 5 Cal. Jur. 915, sec. 21.) The customary method adopted to insure knowledge on the part of the person named in an order is to serve such person with the order but ''The purpose of service is merely to inform the party to whom the order runs of its existence''. (5 Cal. Jur. 916.) Petitioner cites certain earlier cases tending to support his view but these decisions were in effect overruled in *Shibley* v. *Superior Court*, 202 Cal. 738 [262 Pac. 332]. In the Shibley case the petitioner had knowledge of the order for payment of alimony and the court said on page 741, ''Under such circumstances service of a copy of said order would not be required in order to put the defendant in contempt for a violation of its provisions nor to lay the foundation for the issuance by the trial court of the subsequent order to show cause why the defendant should not be cited and punished for such contempt.'' (See, also, *Mitchell* v. *Superior Court*, 163 Cal. 423 [125 Pac. 1061]; *Ex parte Cottrell*, 59 Cal. 417; *Transbay Const. Co.* v. *Superior Court*, 12 Cal. App. (2d) 565 [55 Pac. (2d) 1237]; *Young* v. *Superior Court*, 69 Cal. App. 281 [231 Pac. 347].)

■ The second attack made upon the affidavit is that the allegation ''that said defendant has been and now is able and capable of complying with said order'' was insufficient. It is claimed that this was ''not more than a conclusion of law''. Assuming that the wife was required to allege the ability of petitioner to comply with said order (compare *In re McCarty*, 154 Cal. 534 [98 Pac. 540]; *In re Von Gerzabek*, 63 Cal. App. 657 [219 Pac. 479]; *In re Rasmussen*, 56 Cal. App. 368 [205 Pac. 72]), we are of the opinion that the allegation above set forth was sufficient as an allegation of the ultimate fact. It has been held that ''an affidavit charging the commission of a contempt need not be more specific in its averments of the facts than a complaint or an information charging a crime''. (*Selowsky* v. *Superior Court*, 180 Cal. 404, 407 [181 Pac. 652].) A necessary averment in a complaint or information charging the crime of failure to provide for a wife is that of the ability of the husband to so

provide (Pen. Code, sec. 270a) and we have no doubt that an allegation in substantially the same language as that quoted above would be sufficiently specific for the purpose of a complaint or information charging such crime. (Pen. Code, sec. 952.)

In the third memorandum filed by petitioner, he makes the further contention that "the contempt sought to be punished is only the contempt of the order made April 6, 1937" and that no proceedings were had on said last-mentioned order.    We find no merit in this contention.    The order adjudging petitioner guilty of contempt recites that hearings were had on April 2, April 9 and April 23, 1937; that petitioner was guilty of contempt in disobeying the order made on June 15, 1933, "by neglecting, failing and refusing to pay out of and in the presence of the court" the sum provided in said order amounting to more than $5,000 and specifically the sum provided to be paid by the court's order of April 6, 1937, being the sum of $150, "which said sums of money the said William Ellery was, during all of said period of time and is now, able to pay to said May J. Ellery".    It is therefore apparent that the court adjudged petitioner in contempt for disobedience of both the order of June 15, 1933, and the order of April 6, 1937, which last-mentioned order directed him to pay forthwith a portion of the amount due under the first-mentioned order.    It is further apparent that two hearings were held after the making of the order of April 6, 1937, and that petitioner refused in the presence of the court to comply with said order.    The contention here made by petitioner is similar to one recently considered by this court and may be disposed of without further discussion upon the authority of *In re Heegstra,* 12 Cal. App. (2d) 464 [55 Pac. (2d) 558].

The writ is discharged and the petitioner is remanded to custody.

Sturtevant, J., and Dooling, J., *pro tem.,* concurred.