[Crim. No. 3876.   Second Dist., Div. One.   Feb. 5, 1945.]

In re NELLIE HANEY RISNER, on Habeas Corpus.

Fred M. Riedman for Petitioner.

Fred N. Howser, District Attorney, and John Barnes, Deputy District Attorney, for Respondent.

YORK, P. J.—Petitioner was adjudged guilty of contempt of court and sentenced to serve five days in the County Jail of Los Angeles County for disobedience of an order, which was made on November 6, 1944, in connection with a divorce action instituted by her against her husband, Rudolph Risner, requiring her to pay to him the sum of $225, as and for alimony pendente lite and attorney's fees.

By the instant proceeding in habeas corpus, petitioner claims that the order holding her in contempt was in excess of the jurisdiction of the court which rendered it and that she is being unjustly deprived of her liberty. In the oral presentation of the matter before this court, petitioner contended that she "was held guilty of contempt because she

paid the moneys which were ordered to her husband to his attaching creditor. Her husband owed a debt and the county of Los Angeles filed an action against him.''

In accordance with section 1211, Code of Civil Procedure, respondent made an affidavit in support of the order to show cause why petitioner ''should not be adjudged guilty of contempt of court for willfully disobeying'' the order made in the divorce action for the payment of alimony pendente lite and attorney's fees. Said affidavit,—a printed form—recites the making of the said order on November 6, 1944, together with the provision therein for the payment by petitioner of $225 forthwith for the purpose of attorneys' fees and support of party; that ''plaintiff herein has paid nothing to date, contrary to said order''; that petitioner was in court at the time and place said order was made. Regarding petitioner's ability to pay the sum ordered, the said affidavit avers ''Adverse party admitted in Court, at the time the order was made, that she had then $350.00 cash in the bank''; that she was employed at Douglas Aircraft, Long Beach Plant, at $50 per week and had no other income; that ''the foregoing award of $225.00 was based upon the statement by plaintiff herein that she had disposed of the family automobile for $450.00 and that she had the sum of $350.00, the remainder of the proceeds of said sale.''

Upon this affidavit, which is not attacked by petitioner herein as being insufficient, the order to show cause in re contempt was duly and regularly made. No counteraffidavit was filed by petitioner, but when the order to show cause in re contempt came on for hearing on December 1, 1944, both parties appeared in person and by their respective counsel, and oral testimony was presented from which the court found (quoting from the order of commitment) as follows:

''That the plaintiff did not, forthwith, or at any time after the order of November 6, 1944 was made, plaintiff being present in court when said order was made, pay the said sum of $225.00 to said defendant, but that she obtained the sum of over $225.00 from the bank where the cash was deposited, on the morning of the 13th day of November, 1944; that she did not then pay the said sum of $225.00 to the defendant, as ordered by the court, and that she held said funds in her own possession until the 18th day of November, 1944, when the sum of $200.00 of said money in plaintiff's possession was garnished by the Sheriff of Orange County, State of Califor-

nia, and taken from plaintiff's possession in an action filed after the above order of November 6, 1944, was made, and that said action was one by the County of Los Angeles, as plaintiff, against the defendant herein, to recover sums due the County of Los Angeles for hospital services rendered said defendant in the Los Angeles County General Hospital; that said plaintiff from the 6th day of November, 1944, when said order was made, until the 18th day of November, 1944, when said garnishment was served upon plaintiff, had the ability to comply with said order of November 6, 1944, and to pay the said sum of $225.00 to defendant herein, as ordered by said Court, but that said plaintiff did wilfully fail, neglect and refuse to pay said sum of $225.00, or any part thereof, to the defendant, as ordered by the said Court, and that because of plaintiff's said conduct and wilful disobedience of said order of November 6, 1944, plaintiff is adjudged guilty of contempt of this Court and is hereby sentenced to five (5) days in the County Jail; that said plaintiff is hereby remanded to the Sheriff at Los Angeles County, State of California, to serve said sentence.''

From the foregoing it is clear that petitioner was adjudged guilty of contempt of court, not because she paid the money to the sheriff in the garnishment proceeding, but rather because she waited from November 6, 1944, until November 13, 1944, before she procured the money from the bank, and that she thereafter held it in her possession until November 18th, when it was levied upon by the sheriff, as aforesaid. ·

█ Petitioner's failure to obey the lawful judgment of the court was a contempt of court, as defined by subdivision 5, section 1209, Code of Civil Procedure, to wit:

''The following acts or omissions in respect to a court of justice, or proceedings therein, are contempts of the authority of the court: . . . 5. *Disobedience* of any lawful judgment, order, or process of the court.''

The court in the divorce action found upon petitioner's own admissions that she had the ability to pay her husband $225, part of the proceeds from a sale of community property, and ordered her to pay it. █ It is only necessary that the affidavit which constitutes the basis for judicial action in such a proceeding should show the making of the order for alimony and the fact that petitioner had failed to make payment as so ordered. █ It is not necessary for the respondent husband, on the hearing of the contempt proceeding for nonpayment

of alimony, to prove anything more than the making of the order and disobedience of it by petitioner in refusing to pay the amount which the court found she had the ability to pay when the order was made. (*In re Rasmussen,* 56 Cal.App. 368, 371 [205 P. 72].) Respondent made a prima facie case at the hearing by producing the original order and by proof of petitioner's failure to make payment according to its terms. (*In re McCarty,* 154 Cal. 534 [98 P. 540].)

As was stated in *In re Rasmussen, supra*: ''The husband (contemnor) had the opportunity of presenting to the court any legitimate excuse he might have had for disobeying the order of the court. If his excuse was that since the making of the original order he has become unable to pay the alimony required by it, was incumbent upon him to prove that fact. He is in the best position to show why, for any reason, he has not obeyed the order and it is his duty to do so as a matter of defense. (*In re McCarty, supra* (154 Cal. 534).) This burden the petitioner in the present case did not sustain and the trial court has found against him in the judgment of contempt upon this issue.''

It was held in *Rappaport* v. *Superior Court,* 39 Cal.App.2d 15, 22 [102 P.2d 526], that ''In order to sustain an order for contempt, two essential facts must appear, namely: (1) There must be notice or actual knowledge of the order, for the disobedience of which citation for contempt has issued; and (2) the act ordered to be done must be within the power of the contemnor to perform. (5 Cal.Jur. 913, § 20.)''

In a proceeding in habeas corpus in a case of this character (a civil contempt committed outside the presence of the court), ''the only inquiry that can be made is with reference to the jurisdiction of the court which made the judgment of which the imprisonment is a part.'' (*In re Selowsky,* 189 Cal. 331, 332 [208 P. 99], citing *Ex parte Joutsen,* 154 Cal. 540, 544 [98 P. 391], and 1 Bailey on Jurisprudence, § 311.)

As stated by this court in *In re Wood,* 34 Cal.App.2d 546, 551 [93 P.2d 1058]: ''Jurisdiction has been defined as being the power to hear and determine the matter in controversy, and if the power existed the question of whether the court erred or the power was improperly exercised is not involved and errors of the court therein constitute no defense whatever.''

''The order punishing the petitioner because of the latter's contemptuous conduct is not subject to attack on the ground of error on the part of the court in the exercise of its jurisdic-

tion (*In re Morford,* 137 Cal.App. 662 [31 P.2d 406]), or irregularities of procedure subsequent to the acquisition of jurisdiction (*Ex parte Selowsky,* 189 Cal. 331 [208 P. 99]). Furthermore, the court will indulge every intendment or presumption in favor of the correctness and regularity of the contempt proceedings. (*Ex parte Pillsbury,* 69 Cal.App. 784 [232 P. 725].) Nor, in habeas corpus proceedings, may the court inquire as to the correctness of the findings which constitute the basis of the conviction of contempt (*Ex parte Von Gerzabek,* 63 Cal.App. 657 [219 P. 479]; *In re Wilson,* 123 Cal.App. 601 [11 P.2d 652]), or question the findings of fact which are recited in the order of commitment. (5 Cal.Jur. 958, n.2; *Ex parte Von Gerzabek, supra; Ex parte Ewell,* 71 Cal.App. 744 [236 P. 205]; *In re Heegstra,* 12 Cal.App.2d 464 [55 P.2d 558]; *In re Ellery,* 22 Cal.App.2d 274 [70 P.2d 690].) The court will not consider the sufficiency of the evidence to sustain the charge, or to support the findings as to the existence of facts—e.g., ability of the petitioner to comply with the violated order." (4 Cal.Jur. 10-Yr.Supp. 33, § 51.)

No record of the oral testimony taken upon the hearing on the order to show cause in re contempt is before this court on this proceeding. "The order of commitment recites the facts upon which it was based and those facts must be taken as true." (*In re Foss,* 123 Cal.App. 542, 544 [11 P.2d 676], citing *Ex parte Ewell,* 71 Cal.App. 744 [236 P. 205].)

The record in the instant proceeding does not disclose a lack of jurisdiction in the trial court to make the order of commitment adjudging petitioner guilty of contempt.

For the reasons stated, the writ is discharged and the petitioner is remanded to custody.

Doran, J., and White, J., concurred.