[Crim No. 3075. First Dist., Div. Two. Oct. 20, 1954.]

In re JOE PASSALACQUA on Habeas Corpus.

Theodore R. Coomber for Petitioner.

Raymond D. Williamson for Respondent.

Warren Sapiro and Allan L. Sapiro for Frances Passalacqua, Real Party in Interest.

DOOLING, J.—This is a proceeding in habeas corpus seeking the release of Joe Passalacqua.

On July 7, 1954, an affidavit was filed in the Superior Court in and for the City and County of San Francisco charging Passalacqua with contempt of court in the failure to pay to his divorced wife a certain sum for the support of his minor child and an additional sum as attorneys' fees as ordered to be paid by an interlocutory decree of divorce theretofore entered. An order to show cause was issued on this affidavit and after a hearing thereon the court by minute order entered on July 23, 1954: "ordered defendant to purge content (sic) by com-

plying with the provisions of a prior order re support and attorneys' fees.''

No order was made continuing the contempt proceeding for further action of the court or directing Passalacqua to return to court at any later date. That proceeding was terminated with the order of July 23.

On August 25, 1954, without the filing of any supporting affidavit, a warrant of attachment was issued to bring Passalacqua before the court to show cause why he should not be punished for contempt in ''disobeying the mandate of the court.'' Thereafter, pursuant to such attachment, Passalacqua appeared before the court and was adjudged guilty of contempt and ordered confined in jail until he made the payments found to be owing under the decree.

A warrant of attachment may be issued to bring before the court a person charged with a contempt ''not committed in the immediate view and presence of the court'' (Code Civ. Proc., § 1212) only if ''an affidavit shall be presented to the court . . . of the facts constituting the contempt . . .'' (Code Civ. Proc., § 1211).

The affidavit of July 7 could not serve this office as it had culminated in the order of July 23 directing Passalacqua to comply ''with the provisions of a prior order re support and attorneys' fees.'' If Passalacqua failed to obey this order of July 23 that failure must be shown by a new affidavit in order to bring him again before the court for contempt. The case in this respect is ruled by *In re McCarty*, 154 Cal. 534 [98 P. 540], where similar successive orders were made without the filing of a second affidavit. The court said at page 539 : ''The order did not require payment in court but payment outside of it. The court could have no knowledge of the disobedience of its order save upon an affidavit showing the fact of nonpayment. In such a case, where the contempt is a constructive one, in order to invest the court with jurisdiction to punish for it, it is essentially a prerequisite to the exercise of such jurisdiction that an affidavit setting forth the fact of noncompliance with the order should have been presented to the court.''

Joe Passalacqua is ordered discharged from further custody and the bail heretofore furnished by him in this proceeding is exonerated.

Kaufman, J., concurred.

NOURSE, P. J.—I dissent.

The McCarty case is based wholly on the technical ground

that after he had been given five days to comply with the alimony order McCarty was committed for contempt without an affidavit having been filed showing that he had not paid and without further hearing.

Such is not the case here. The order of commitment of September 14, 1954, recites (and these recitals are binding upon us) that pursuant to an "affidavit for order to show cause in re contempt," and pursuant to an order to show cause issued thereon, the defendant appeared in person on the date set—September 14, 1954; that evidence was taken, that defendant "admitted that he was in default of the orders of said court"; that the court finds that defendant "had and has the ability to pay"; and made no valid excuse for his failure to comply.

This takes the case wholly outside the McCarty case. If, as argued by petition, but no proof being made thereof, a warrant of attachment was issued on August 25, 1954, it is wholly immaterial. The order of commitment recites that an affidavit and order to show cause was filed. The defendant appeared at the time set and voluntarily took part in the hearing without, however, any objection to the form of the summons. He may not now claim that he was improperly summoned.