[Civ. No. 5946. Second Appellate District, Division One.—March 30, 1928.]

GUY D. SISSON, etc., Respondent, v. GUARANTY MORTGAGE COMPANY OF CALIFORNIA (a Corporation) et al., Appellants.

Alden Ames for Petitioners.

Roland Rich Woolley for Respondent.

HOUSER, J.—The dependent facts appear to be that the respondent is the holder and owner of five hundred shares of stock in the defendant corporation; that some time prior to the filing of the petition herein respondent herein filed in the superior court in and for the county of Los Angeles an application for a writ of mandate for the purpose of compelling the defendants therein (appellants and petitioners herein), to permit him to examine the books and records of the defendant corporation; that on the hearing of said application, at which both oral and documentary evidence was introduced, a peremptory writ of mandate was ordered to issue out of the superior court, directed to defendants, commanding them to permit plaintiff to have access to and inspection of all the books and records of the defendant corporation as prayed; that within the time allowed by statute defendants filed their notice of appeal from said order, and that said appeal is now pending and undetermined. Thereafter petitioners presented to this court their application for a writ of *supersedeas* for the purpose of staying proceedings under the order for the issuance of said writ of mandate until the determination by this court of the appeal from said order.

Among other things, section 949 of the Code of Civil Procedure provides in effect that without the issuance of a writ of *supersedeas* an appeal of the nature of that here involved does not stay proceedings "in the court below." That the appellants have a legal right of appeal from the order of the lower court directing the issuance of the writ of mandate is not disputed; and yet the obvious effect of a refusal on the part of this court to order a *supersedeas* would be to deny to petitioners the right accorded to them by law generally and which is at least inferable from the language of section 949 of the Code of Civil Procedure, to

which reference has been had. In view of the delay which necessarily will ensue before the appeal herein may be determined, it is evident that in the absence of a stay of proceedings the plaintiff will at once proceed to an inspection of the records of the appellant corporation, with the practical result that the order of the lower court will become final and the question involved in the appeal will become moot. On the other hand, it is possible that, unless within a reasonable time and before the appeal may be determined the plaintiff may have access to the records of the corporation, he may suffer a considerable damage. At the hearing in this court of the instant matter it was stipulated by respective counsel that a bond to be furnished by petitioner in the sum of $2,000 would adequately protect respondent from damage pending the determination by this court of the application for the writ.

In the circumstances herein presented, this court is of the opinion that for the protection of each of the parties to this proceeding, the writ of *supersedeas* should issue staying proceedings in the lower court until the determination or disposition of the appeal; and that as a condition for the issuance of such writ petitioners should furnish a good and sufficient bond in the sum of four thousand dollars indemnifying respondent from all loss and damage which he may sustain in the event of the affirmance of the order from which the appeal is taken. It is so ordered.

Conrey, P. J., and York, J., concurred.