[Civ. No. 6076. Second Appellate District, Division Two.—July 19, 1928.]

BANDINI PETROLEUM COMPANY (a Corporation) et al., Petitioners, v. GEORGE O. HARTMAN and THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondents.

Haas and Dunnigan and William L. Murphey for Petitioners.

Henry W. Mahan for Respondents.

CRAIG, J.—The petitioners herein pray a writ of *supersedeas* to restrain the Superior Court of Los Angeles County from enforcing a decree directing the Bandini Petroleum Company to permit respondent Hartman to inspect and make notes from its corporate books and records, and from enforcing an order to show cause why petitioners should not be held in contempt of court for refusing to comply with such decree.

It is recited in the petition, and is not denied, that Hartman filed in said Superior Court an action wherein it appeared that he owned six shares of stock of the petitioning corporation, which he had purchased for six dollars, and that as such stockholder he demanded, and after trial was granted, permission to inspect the corporate records. The trial was had on November 3, 1927, and on that date the trial court announced judgment for the plaintiff, at which time the petitioners' counsel stated that the defendants intended to appeal, and requested that the amount of undertaking on appeal and to stay execution be fixed. The court thereupon, without objection of the plaintiff's counsel, fixed the amount of undertaking in the sum of one thousand dollars. On February 23, 1928, findings of fact, conclusions of law, and judgment were filed, and on April 10, 1928, the defendants (petitioners here) served and filed their notice of appeal, ordered the transcript, and also filed a written order of the court fixing the amount of bond to stay execution, together with an undertaking in the amount specified on the date of trial and in the order last mentioned. No notice of entry of judgment was ever served upon the petitioners, but on April 27, 1928, there was served upon them an order to appear and show cause if any they had why they should not be adjudged in contempt of court for having failed and refused to permit .the plaintiff Hartman in said suit to inspect their books and records.

The respondents rely entirely upon the contention that a writ of *supersedeas* was not sought in this court until

May 2, 1928, whereas judgment was entered on February 23, 1928, and that the petitioners had in fact been in contempt of the Superior Court for a period of more than two months prior to the time relief was sought in this court. Hence, it is argued, the contempt having already been committed, the petitioners ought not to be heard upon their petition herein. The petitioners contend, however, that they promptly stated in open court their intention to appeal from said judgment, and that although no notice of entry thereof was served, they did in fact perfect their appeal within a reasonable time thereafter, and that having done so, they ought not to be held in contempt of court nor compelled to permit an inspection of their books pending such appeal.

In *Sisson* v. *Guaranty Mortgage Co.,* 90 Cal. App. 510 [265 Pac. 1031], it was said that in such a case an appeal would not of itself stay execution of the judgment, but that since the defendants might be damaged by its enforcement pending the appeal, a stay would not be improper if they should furnish good and sufficient undertaking to secure the plaintiff against loss in the event of an affirmance. The petitioners in the instant proceeding furnished bond as ordered by the court below, and have also furnished further undertaking in this court, to stay execution pending appeal and pending the determination of this proceeding.

As to the merits of the case, it is obvious that while on April 27th petitioners were ordered to show cause before the Superior Court why they should not comply with said judgment or be adjudged in contempt for a failure to do so, they had previously and on the tenth day of the same month, by perfecting an appeal and filing an undertaking staying execution as ordered by the trial court, completely answered the question there presented, and had also challenged the validity of the judgment itself. If the judgment be held invalid the defendants would not be in contempt of court for having denied the plaintiff an inspection of their books and records. If it be affirmed, the law provides ample remedy.

The respondents cite in support of their defense to the application herein *Ex parte Cottrell,* 59 Cal. 417. It there appeared, however, that the petitioner in a *habeas*

*corpus* proceeding, who had been incarcerated for failure to obey an order increasing alimony, had not furnished any undertaking to stay execution of the order, although he appealed therefrom.

It is ordered that a writ of *supersedeas* issue, staying proceedings in the Superior Court until the disposition of the issues presented upon appeal.

Works, P. J., and Thompson, J., concurred.