[Civ. No. 4952.   Second Appellate District, Division Two.—March 31, 1925.]

ABIJAH TUCKER WALLIS, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

[1] DIVORCE—DEFAULT OF WIFE—ALIMONY PENDENTE LITE—JURISDICTION.—In an action by the husband for divorce, the trial court has jurisdiction to make an order for payment to the wife of alimony *pendente lite* at any time from the commencement of the action until its final determination and the expiration of the time for appeal, notwithstanding the default of the wife has been entered; and such an order may be made *ex parte*.

[2] ID.—CONTEMPT—NOTICE OF ORDER.—The husband in such action cannot be adjudged guilty of contempt for failure to obey an order directing him to pay to the wife alimony *pendente lite* and suit money, where such order was not served upon him, nor made in his presence, and he had no knowledge thereof.

[3] ID.—CERTIORARI — NOTICE—EVIDENCE — PRESUMPTIONS.—Presumptions and intendments are not, as in the case of an ordinary judgment, to be indulged in support of judgments in contempt; and in a proceeding in *certiorari* to review an order adjudging a husband guilty of contempt for failure to obey an order directing him to pay alimony, a failure to show, otherwise than mere innuendo, as against positive testimony to the contrary, that the petitioner had notice of the making of the order, or that he knew of its existence, must be held to necessitate his discharge, and the order adjudging him guilty of contempt is void for want of jurisdiction.

(1) 19 C. J., p. 208, n. 73, 74, 74 New.   (2) 19 C. J., p. 306, n. 86. (3) 13 C. J., p. 106, n. 45.

PROCEEDING in Certiorari to review an order of the Superior Court of Los Angeles County, Walter Guerin, Judge, adjudging petitioner guilty of contempt. Judgment vacated.

The facts are stated in the opinion of the court.

1. See 1 Cal. Jur. 962, 972.
2. See 1 R. C. L. 907; 1 Cal. Jur. 986.

William Ellis Lady for Petitioner.

George L. Hampton for Respondents.

CRAIG, J.—*Certiorari* is here invoked to review the proceedings of the superior court of Los Angeles County, wherein petitioner was adjudged guilty of contempt of court for failure to comply with an order directing the delivery of a certain Velie automobile and the payment of money to petitioner's wife *pendente lite*, as attorney's fees, costs of suit, and for the maintenance and support of herself and minor child.

It is alleged in the petition of petitioner that he instituted an action for divorce, and that his wife was served with process, and appeared by counsel; that thereafter an amended complaint was served and filed, and no demurrer or answer having been filed thereto, a default was entered on or about October 6, 1924. On September 24, 1924, pursuant to an order to show cause, which the petitioner alleges was not served upon him, the trial court signed and, on October 11, 1924, filed a written order reading in part as follows: "Upon reading the affidavit heretofore filed by the defendant here and upon hearing the evidence adduced in support of the order to show cause on file herein, on the 24th day of September, 1924, at 2:00 o'clock P. M., the defendant being personally present in court and represented by her counsel, Geo. L. Hampton, and the plaintiff having made no appearance at all, either personally or by counsel, it is hereby ordered," etc. This order purported to be one requiring the plaintiff in the action, the petitioner herein, to pay certain sums as alimony and suit money, and to deliver the automobile to the defendant.

On October 28, 1924, the defendant filed her affidavit, reciting the fact of the issuance of said order, that the same was "duly served upon plaintiff as shown by the affidavit of service of said order on file herein," and alleging that plaintiff had failed to comply with any of its requirements. Citation was thereupon issued to petitioner, directing that he appear before said superior court on November 12, 1924, then and there to show cause, if any he might have, why he should not be punished for contempt of court for disobedience of the order of September 24th.

Aside from the defendant's statement above quoted there is no evidence whatever in the record of the order of September 24, 1924, for payment of alimony, etc., having been served upon the plaintiff, petitioner herein, and he alleges in his petition that in response to said citation he appeared and testified, among other things, that he had not been served with said order to show cause, or with the order made pursuant thereto, and that he knew nothing thereof. However, he was adjudged guilty of contempt of court for not having complied with the terms of the latter order.

It is contended that the defendant moved the lower court to vacate the default, but that her motion was denied; that thereafter she moved for leave to renew said motion, and was permitted to do so, but that following further hearing the same was denied. Petitioner therefore assigns as grounds for this proceeding the fact that the relief granted defendant by the order of September 24, 1924, was not sought until after default had been entered, and that the superior court then had no jurisdiction to so order; and, secondly, that upon the facts presented here and before the trial court that tribunal was without jurisdiction to adjudge him in contempt.

No briefs have been filed on behalf of either of the parties, though by stipulation and order additional time was allowed therefor. The only authorities cited are those presented by petitioner upon application for the writ of *certiorari,* and we do not feel called upon in every case to search records which come to us without briefs or argument having been filed, to determine the merits of the contentions of the parties. (*McFadden* v. *Dietz,* 115 Cal. 697 [47 Pac. 777] ; *Suman* v. *Archibald,* 116 Cal. 42 [47 Pac. 865] ; *Altschul* v. *Alexander,* 65 Cal. App. 526 [224 Pac. 670].)

However, the question of the jurisdiction of the trial court having been raised, and the allegations of the petition being neither denied by respondent nor refuted by the return made to our writ of *certiorari,* it appears that an important legal principle is necessarily involved, and that a proper disposition of the matter, in justice to the parties, requires its discussion and decision at this time. (*Schubert* v. *Lowe,* 193 Cal. 291 [223 Pac. 550] ; *Maguire* v. *Cunningham,* 64 Cal. App. 536 [222 Pac. 838].)

[1]   We are not in accord with petitioner's contention in support of his first point, that the superior court was without jurisdiction to make an order for payment of alimony *pendente lite* after default entered.   Section 137 of the Civil Code provides, "when an action for divorce is pending, the court, may, in its discretion, require the husband to pay as alimony any money necessary to enable the wife to support herself and her children, or to prosecute or defend the action."   Section 138 of the Civil Code also provides that "during the pendency of the action, or at the final hearing, or at any time thereafter during the minority of any of the children of the marriage," the court may make any necessary or proper order for their custody, care, education, maintenance, and support, "and may at any time modify or vacate the same."   Such an action is still pending after default (*Abadie* v. *Lobero,* 36 Cal. 390, 400), and orders under the sections mentioned above may be made at any time from the commencement of the action until its final determination and the expiration of the time for appeal. (*Dunphy* v. *Dunphy,* 161 Cal. 87 [118 Pac. 445]; *Bruce* v. *Bruce,* 160 Cal. 28 [116 Pac. 66]; *Ex parte Joutsen,* 154 Cal. 540 [98 Pac. 391].)   It has also been held that such orders may be made *ex parte.*   (*Ex parte Joutsen, supra.*)

[2]   The power of the trial court, therefore, to make the order complained of, dated September 24, 1924, cannot be doubted, but we think it was without jurisdiction to adjudge the petitioner in contempt for failure to obey an order which was not served upon him, nor made in his presence, and of which he had no knowledge.   (*Young* v. *Superior Court,* 69 Cal. App. 81 [231 Pac. 347].)   [3]   Presumptions and intendments are not, as in the case of an ordinary judgment, to be indulged in support of judgments in contempt.   (*Platnauer* v. *Superior Court,* 32 Cal. App. 463 [163 Pac. 237].) The presumption that a judgment was based upon sufficient evidence and that all the proceedings before the court below were regular, therefore, does not apply; and a failure to show, otherwise than by mere innuendo, as against positive testimony to the contrary, that the petitioner had notice of the making of the order, or that he knew of its existence, must be held to have necessitated his discharge, and the order adjudging him in contempt of court was void for want of jurisdiction.

The judgment of the superior court here in controversy is therefore vacated and set aside.

Finlayson, P. J., and Works, J., concurred.