[No. B133807. Second Dist., Div. One. Dec. 28, 2000.]

In re the Marriage of PIERRE and HAKIMA ASKMO.
PIERRE ASKMO, Appellant, v.
HAKIMA ASKMO, Respondent.

COUNSEL

The Law Firm of Fox and Fox, Frank O. Fox and Robert Burch for Appellant.

Levitt & Quinn Family Law Center and Michele H. Saling for Respondent.

## OPINION

**SPENCER, P. J.—**

### INTRODUCTION

Appellant Pierre Askmo appeals from an order granting respondent Hakima Askmo's motion for spousal support and attorney's fees. The order was entered while a prior appeal by appellant was pending. In that appeal, appellant challenged an order granting respondent's motion for relief from a default judgment. We remanded the case with directions to reconsider the order. (*In re Marriage of Askmo* (May 31, 2000, B131692) [nonpub. opn.].) In the instant appeal, we affirm the order from which the appeal is taken.

### FACTUAL AND PROCEDURAL BACKGROUND[1]

"The parties were married on June 5, 1982. They had three children, born in 1983, 1985 and 1989. They separated on June 22, 1997. Appellant moved

[1]The factual and procedural background is taken, in part, from our decision in the prior appeal.

to California with the parties' two younger children. Respondent remained in New York with their oldest child.

"During the parties' marriage, respondent did not work outside the home but stayed home caring for their children. She has no marketable job skills, is poorly educated, speaks little English and cannot read or write in English. When appellant left New York, he closed the parties' bank accounts, leaving respondent with no means of support.

"On November 10, 1997, respondent filed a petition for custody and visitation in New York. On April 17, 1998, appellant filed the instant action for dissolution of marriage.

"On May 18, 1998, respondent wrote to appellant's counsel requesting additional time in which to file a response to the petition. She explained that she was having difficulty obtaining counsel to represent her in California and could not afford to come to California herself to oppose the petition. Appellant's counsel denied her request, explaining that '[b]ecause of the urgency of the proceedings, which have been filed, Mr. Askmo will not grant the additional time which you have requested.' Three days later, on May 21, appellant filed a request to enter respondent's default. The clerk entered the default that same day.

"Respondent's counsel in New York eventually located counsel willing to represent her in California. On June 3, 1998, respondent retained her present counsel.

"A default judgment was entered on July 28, 1998. It dissolved the parties' marriage, awarded sole legal and physical custody of the three children to appellant, and terminated jurisdiction to award spousal support. On September 21, 1998, respondent's counsel filed a motion to set aside her default, along with a proposed response, a request that jurisdiction over child custody be transferred to New York, and a request for temporary orders for spousal support, attorney's fees and costs. This motion was denied without prejudice on January 25, 1999.

"Respondent's counsel filed a motion to set aside the default and the default judgment on February 3, 1999. Counsel also requested family support, attorney's fees and relocation money. On March 29, 1999, the trial court granted the motion and set aside the default judgment, except as to status. It denied without prejudice respondent's requests to set aside the default and for other relief." (*In re Marriage of Askmo, supra*, B131692.) Appellant filed his notice of appeal from this order on May 4, 1999.

On May 5, 1999, respondent filed an ex parte order to show cause for child custody, child support, visitation, spousal support and attorney's fees and costs. Appellant challenged the order to show cause on several grounds, including the pendency of the appeal and respondent's default. The trial court issued an order on the order to show cause on May 18, 1999. It made pendente lite orders awarding spousal support to respondent and requiring appellant to pay part of respondent's attorney's fees. It ordered appellant's counsel to prepare a statement of decision.

On May 28, 1999, appellant filed a request for a statement of decision. Appellant's counsel filed a proposed statement of decision, but the trial court declined to sign it. Appellant filed a notice of appeal from order on the order to show cause on July 14, 1999.

We filed our decision in the prior appeal on May 31, 2000. We held that respondent's motion to set aside the default and default judgment, made under Code of Civil Procedure section 473, was untimely. (*In re Marriage of Askmo, supra*, B131692.) We also noted, however, that the facts supported a grant to respondent of equitable relief from the default and default judgment. We remanded the matter to the trial court for further proceedings to consider whether to exercise its equitable power to grant such relief to respondent. (*Ibid.*)

CONTENTIONS

I

Appellant contends the trial court abused its discretion in granting respondent's request for spousal support and attorney's fees, in that an appeal relating to those issues was pending and her default in the action had not been set aside.

II

Appellant additionally contends the trial court's order must be reversed due to its refusal to prepare a statement of decision despite his timely request for one.

DISCUSSION

I

 Appellant contends the trial court abused its discretion in granting respondent's request for spousal support and attorney's fees, in that an

appeal relating to those issues was pending and her default in the action had not been set aside. We disagree.

As a general rule, "the entry of a default terminates a defendant's rights to take any further affirmative steps in the litigation until . . . the default is set aside." (*People v. One 1986 Toyota Pickup* (1995) 31 Cal.App.4th 254, 259 [37 Cal.Rptr.2d 29]; *Devlin v. Kearny Mesa AMC/Jeep/Renault, Inc.* (1984) 155 Cal.App.3d 381, 385 [202 Cal.Rptr. 204].) This rule has been applied to dissolution actions. (*Heathman v. Vant* (1959) 172 Cal.App.2d 639, 646-647 [343 P.2d 104].) It precludes the respondent spouse from contesting the judgment or obtaining any effective relief until the default is set aside. (*Id.* at p. 647.)

Family Code section 3600 provides that during the pendency of a dissolution action, the trial court may order the payment of spousal support. (*In re Marriage of Baltins* (1989) 212 Cal.App.3d 66, 94-95 [260 Cal.Rptr. 403].) Respondent takes the position that this section applies in the instant case to permit the trial court to award her support and attorney's fees during the pendency of the litigation, regardless of her default.

Respondent relies on *Wallis v. Superior Court* (1925) 72 Cal.App. 90 [236 P. 927]. In *Wallis*, the husband filed a divorce action. Pursuant to an order to show cause filed by the wife, the trial court signed an order requiring the husband to pay the wife alimony and attorney's fees pendente lite. The wife failed to file an answer or demurrer, however, and a default was entered against her. After the default was entered, the order on the order to show cause was filed. (*Id.* at p. 91.)

The husband failed to pay the wife alimony and attorney's fees. The court issued an order to show cause why he should not be held in contempt. Following a hearing on the order to show cause, the court held the husband in contempt. (*Wallis v. Superior Court, supra*, 72 Cal.App. at pp. 91-92.)

On the husband's petition for writ of certiorari to review the trial court's actions, the husband contended that the trial court had no jurisdiction to grant relief to the wife after her default was entered. (*Wallis v. Superior Court, supra*, 72 Cal.App. at p. 92.) The appellate court did not agree that the trial court lacked jurisdiction to grant relief to the wife after her default was entered. It noted that Civil Code former section 137[2] gave the trial court the discretion to require the husband to pay the wife alimony while the divorce action was pending. (72 Cal.App. at p. 93.) The action was still pending after

[2]Now Family Code section 3600.

the wife's default was taken. (*Ibid.*) Therefore, the court held, the trial court had jurisdiction to grant the relief. (*Ibid.*)

Appellant challenges the notion that an action is still pending after a party's default has been entered. A holding that an action is still pending under such circumstances, he claims, would contradict the general rules regarding the effect of an entry of default, which rules apply to dissolution actions.

There is, however, an "essential difference" (*Estate of Fawcett* (1965) 232 Cal.App.2d 770, 783 [43 Cal.Rptr. 160]) between an order made for spousal support under Family Code section 3600 and orders granting affirmative relief to a party to an action. A pendente lite order made pursuant to section 3600 is "not an order made after or in conjunction with the determination of the [dissolution] action on its merits. [Citation.] Indeed its purpose [is] not to determine the merits at all but solely to preserve the family and the wife's separate property intact until the court eventually determine[s] the case on the merits." (*Estate of Fawcett, supra*, at p. 783; *Spreckels v. Spreckels* (1952) 111 Cal.App.2d 529, 534 [244 P.2d 917].) It allows her the funds she needs " 'to live in her accustomed manner pending the disposition of the action and to provide her with whatever is needed by her to litigate properly her side of the controversy.' " (*Estate of Fawcett, supra*, at p. 784; *Heller v. Heller* (1948) 88 Cal.App.2d 603, 606 [199 P.2d 44].) The order is based on need and is not an adjudication of any of the issues in the litigation. (*Estate of Fawcett, supra*, at p. 784; see also *Loeb v. Loeb* (1948) 84 Cal.App.2d 141, 146 [190 P.2d 246].) Section 3600 does not even require that a spouse request a pendente lite order awarding support or attorney's fees. The order may be made on the court's own motion. (See *Loeb, supra*, at pp. 143-144.)

In *Spreckels v. Spreckels*, for example, the wife entered into a property settlement agreement waiving all claims for support or attorney's fees. The court nonetheless held that, in an action attacking the agreement as void or having been obtained by fraud, the wife could be awarded support and attorney's fees pendente lite. (*Spreckels v. Spreckels, supra*, 111 Cal.App.2d at p. 532.) In *Heller v. Heller*, the husband's demurrer to the wife's complaint for divorce was sustained with leave to amend. Prior to any amendment, the trial court ordered the husband to pay the wife money for support and attorney's fees. Even though there was no operative complaint, the divorce action still was pending. Therefore, an award of support and attorney's fees was proper. (*Heller v. Heller, supra*, 88 Cal.App.2d at pp. 604-605.)

In each case, the wife was entitled to no relief in the action on its merits, yet she was entitled by statute to an award of support and attorney's fees

while the action was pending. There is no reason why the result should be any different in the instant case merely because respondent is in default rather than bound by a settlement agreement or having difficulty stating a cause of action. If she is in need of funds " 'to live in her accustomed manner pending the disposition of the action and to provide her with whatever is needed by her to litigate properly her side of the controversy.' " (*Estate of Fawcett, supra*, 232 Cal.App.2d at p. 784), Family Code section 3600 provides she may be awarded those funds. The merits and procedural posture of the case are irrelevant.

 Appellant also argues that the trial court could not issue an order awarding respondent support and attorney's fees while the prior appeal was pending. He cites the general rule that " 'the perfecting of an appeal stays [the] proceedings in the trial court upon the judgment or order appealed from or upon the matters embraced therein or affected thereby.' " (*Elsea v. Saberi* (1992) 4 Cal.App.4th 625, 629 [5 Cal.Rptr.2d 742], quoting from Code Civ. Proc., § 916, subd. (a).)

The purpose of this rule is to "protect the appellate court's jurisdiction by preserving the status quo until the appeal is decided. The rule prevents the trial court from rendering an appeal futile by altering the appealed judgment or order by conducting other proceedings that may affect it." (*Elsea v. Saberi, supra*, 4 Cal.App.4th at p. 629.) As noted above, however, a pendente lite order made pursuant to Family Code section 3600 is "not an order made after or in conjunction with the determination of the [dissolution] action on its merits. [Citation.] Indeed its purpose [is] not to determine the merits at all but solely to preserve the family and the wife's separate property intact until the court eventually determine[s] the case on the merits." (*Estate of Fawcett, supra*, 232 Cal.App.2d at p. 783; *Spreckels v. Spreckels, supra*, 111 Cal.App.2d at p. 534.) The order does not alter the judgment or order from which the appeal was taken. Thus, the purpose of the rule is not thwarted by a pendente lite order for support or attorney's fees.

As stated in *In re Marriage of Baltins, supra*, 212 Cal.App.3d 66, " '[a]n order for temporary support pending litigation is independent of any [support] award in the main action, and the power of the court to make such an award continues during the pendency of any appeal.' " (*Id.* at pp. 94-95.) The award "does not depend upon the issues being appealed." (*Id.* at p. 95.) Again, Family Code section 3600 provides an exception to the general rule in dissolution actions.

In conclusion, the trial court did not err in granting respondent's request for spousal support and attorney's fees while the prior appeal was pending

and her default in the action had not been set aside. Family Code section 3600 gave it jurisdiction to do so.

## II

■ Appellant additionally contends the trial court's order must be reversed due to its refusal to prepare a statement of decision despite his timely request for one. Again, we disagree.

Code of Civil Procedure section 632 requires the trial court to issue a statement of decision "upon the trial of a question of fact" when it receives a request therefor by a party appearing at trial. In general, however, section 632 applies when there has been a trial followed by a judgment. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1294 [240 Cal.Rptr. 872, 743 P.2d 932].) It does not apply to an order on a motion. (*Ibid.*) This is true even if the motion involves an evidentiary hearing and the order is appealable. (*Gruendl v. Oewel Partnership, Inc.* (1997) 55 Cal.App.4th 654, 660 [64 Cal.Rptr.2d 217].) Since the proceeding on respondent's order to show cause was not a trial and was not followed by a judgment, under the general rule, the trial court was not required to issue a statement of decision.

Exceptions to the general rule have been created for special proceedings. (*Gruendl v. Oewel Partnership, Inc., supra*, 55 Cal.App.4th at p. 660; accord, *Maria P. v. Riles, supra*, 43 Cal.3d at p. 1294.) In determining whether an exception should be created, the courts balance " '(1) the importance of the issues at stake in the proceeding, including the significance of the rights affected and the magnitude of the potential adverse effect on those rights; and (2) whether appellate review can be effectively accomplished even in the absence of express findings.' [Citation.]" (*Gruendl, supra*, at p. 660.)

Appellant cites no authority and makes no argument suggesting a proceeding to determine whether a spouse should be awarded support or attorney's fees pendente lite is one which qualifies as a special proceeding requiring a statement of decision. This waives any claim that such is the case. (Cf. *People v. Dougherty* (1982) 138 Cal.App.3d 278, 282 [188 Cal.Rptr. 123].) In any event, since the trial court's determination involves only a temporary entitlement to funds and a limited evidentiary hearing, which can be reviewed even in the absence of a statement of decision, no statement of decision is required. (*Gruendl v. Oewel Partnership, Inc., supra*, 55 Cal.App.4th at p. 660.)

The order is affirmed.

Ortega, J., and Mallano, J., concurred.