Filed 1/15/14  Broughton v. Mills CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| TRACY BROUGHTON,<br><br>    Respondent,<br><br>        v.<br><br>CHRISTOPHER MILLS,<br><br>    Appellant;<br><br>COUNTY OF ORANGE,<br><br>    Respondent. | G048153<br><br>(Super. Ct. No. 08FL107098)<br><br>O P I N I O N |

Appeal from postjudgment orders of the Superior Court of Orange County, Duane Neary, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed.

Walter J. Sawicki for Appellant.

No appearance for Respondent Tracy Broughton.

No appearance for Respondent County of Orange.

\*        \*        \*

In this child support case, Christopher Mills appeals from the court's postjudgment orders requiring him to pay (1) attorney fees to Tracy Broughton, and (2) expert accountant fees to an Evidence Code section 730 evaluator. Because Mills has failed to provide an adequate record on appeal, we are unable to evaluate his contentions and therefore we affirm the orders.

FACTS

The appellate record is exceedingly sparse. The docket reflects that in April 2012, Mills filed a "motion — modification." In Mills's opening brief on appeal, he informs us that the motion was for "downward adjustment of child support." But the appellate record does not contain *any* of the moving or responding papers on the modification request. Apparently more than six months elapsed without a hearing on Mills's order to show cause (OSC), because in November 2012, Broughton filed an OSC seeking a forensic accountant, a vocational evaluation, and attorney fees. Broughton's declaration attached to her OSC recited some history. In October 2012, "[t]he department [of child support services] and [Broughton] requested [a] forensic accountant, presented evidence to the court and the court [g]ranted the request for the appointment of a forensic accountant and further ordered the defend[a]nt to pay the accountant's fees. The Defend[a]nt refused to comply and never responded to the department regarding this order. The same issues are at hand currently and nothing has changed since that order; therefore I am requesting a forensic accountant or to take the case off calendar until all of the discovery [d]ocuments are produced and I am able to have an attorney or forensic accountant review the information. This is far too complicated to be done without both." A separate declaration from an attorney who proposed to represent Broughton stated in part: "I have met with [Broughton] and she has requested that I substitute in as her attorney in this matter. I have quoted her an initial retainer of $6000. After a review of

2

the issues in this case, it appears that substantial discovery concerning [Mills's] income is needed."

The appellate record does not contain any response by Mills to Broughton's OSC. We surmise none was filed in the trial court, because Mills states in his opening brief on appeal that he "never received notice of Broughton's OSC." He further advises, however, that "[t]he court took testimony from Broughton's process server and found good service of the OSC."

Mills's notice of appeal states he is appealing from orders made on January 16 and January 23, 2013, but we have not been supplied with either a reporter's transcript under California Rules of Court, rule 8.130 or a settled statement under rule 8.137. The only record information we have regarding the hearing on Broughton's OSC are the court's minute orders of January 16, 2013 and January 23, 2013.[1]

The January 16 minute order reflects the court ordered Mills to pay Broughton $6,000 for her attorney fees. The minute order also states, "Court does not find that it would be unreasonable to order attorney fees." The minute order also recites there were "[d]iscussions regarding appointment of expert." As noted, we have no appellate record of those discussions. The minute order, however, states, "Pursuant to stipulation of the parties, the court, under evidence code 730, appoints Dennis Sperry as a forensic expert to evaluate cash flow and Defendant's income back to the year 2000. Mr. Sperry shall contact the parties. The parties are ordered to cooperate and provide any requested documentation to the appointed evaluator. [¶] Court orders fee for the evaluator to be paid by Defendant, Mr. Mills, subject to reallocation." Mills's counsel requested a statement of decision and a stay of the court's attorney fee order. The court declined to stay attorney fees, but told Mills's counsel to prepare a statement of decision and circulate it to opposing counsel and the court.

---

[1] All dates refer to 2013 unless otherwise stated.

On January 23, the court made some discovery orders, and also ordered Mills, "forthwith," to pay the attorney fees directly to Broughton.

In February, by ex parte application, Mills asked the court to determine, as mandated under Family Code section 270, whether he had the ability to pay Broughton's attorney fees and the Evidence Code section 730 expert's fees. Both Broughton and the Orange County Department of Child Support Services (DCSS) objected to Mills' ex parte application, and the court summarily denied it.

Mills then submitted a proposed statement of decision which stated, inter alia, that the court did not make any findings as to his ability to pay under Family Code section 2030. DCSS opposed Mills's proposed statement of decision. Mills then submitted an alternative proposed statement of decision which stated, inter alia, that the court did not make any findings as to his ability to pay under Family Code section 270.

The court confirmed receipt of both of Mills's proposed statements of decision and the objections of Broughton and DCSS to Mills's first proposed statement of decision. The court sustained DCSS's objections to Mills's first proposed statement of decision. The court also ruled that no statement of decision was required or allowed under Code of Civil Procedure section 632.

DISCUSSION

Mills contends the court failed to comply with the mandates of Family Code sections 270 and 3557, when it ordered him to pay $6,000 towards Broughton's attorney fees and all of the Evidence Code section 730 evaluator's fees subject to reallocation. He further argues that the reasonableness of the fees awarded is unsupported by competent evidence.

But Mills has failed to provide us with an adequate record for review. The record contains no reporter's transcript or settled statement of the hearing. Contrary to

4

Mills's contention, Code of Civil Procedure section 632 does not require a trial court to issue a statement of decision for an order on a motion, as contrasted to a trial followed by a judgment. (*In re Marriage of Askmo* (2000) 85 Cal.App.4th 1032, 1040.) Furthermore, it appears from the sequence in the minute order that Mills's counsel requested a statement of decision *after* the matter was submitted for decision. (Code Civ. Proc., § 632 [for trial concluded in one calendar day, request for statement of decision must be made prior to submission of matter for decision].) Mills argues he was entitled to a statement of decision because the court initially ordered it, but then found it unnecessary. His only authority for that proposition is Civil Code section 3532, "[t]he law neither does nor requires idle acts." But that hoary maxim of jurisprudence does not trump specific case law holding that statements of decision are not required for orders on motions or OSC's. It was perhaps unfortunate the court ordered counsel to prepare a proposed decision and then reversed course. But that does not mean the court committed error by declining to sign either of Mills's proposals for a statement of decision. Rather, it is likely the court disagreed with the proposals, and rather than engage in the drawn-out, somewhat burdensome, and expensive procedure specified in California Rules of Court, rule 3.1590, decided to rule as it did.

Mills bears the burden "to provide this court with a record adequate to evaluate" his contentions. (*Aguilar v. Avis Rent A Car System, Inc.* (1999) 21 Cal.4th 121, 132.) "'A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.'" (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) Thus, we must presume the court made the required findings in the absence of a record demonstrating otherwise. And we are unable to test this presumption by searching for substantial evidence which would support it or the lack of substantial evidence which would rebut it. Presumably,

5

the court had before it the income and expense declarations filed by the parties in connection with Mills's modification OSC. But even that information has not been included in the appellate record. "When practicing appellate law, there are at least three immutable rules: first, take great care to prepare a complete record; second, if it is not in the record, it did not happen; and third, when in doubt, refer back to rules one and two." (*Protect Our Water v. County of Merced* (2003) 110 Cal.App.4th 362, 364.) Mills has failed to meet his burden of producing a record sufficient for appellate evaluation of his claims. "'Failure to provide an adequate record on an issue requires that the issue be resolved against [appellant].'" (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187.)

Finally, an issue not mentioned in Mills's appellate brief is the presence of evidence in the record that the court had already made an order for the appointment of an Evidence Code 730 forensic accountant at Mills's expense at some undetermined time prior to Broughton filing her OSC, i.e., before November 26, 2012. Thus, the challenged January 16 order regarding the appointment of a forensic expert appears to be either a supplement to the prior order, or a request to enforce the prior order, or both. Mills did not appeal from that prior order. Accordingly, it appears from our scant record that Mills's argument that he lacked the ability to pay the expert's fees, or that the court failed to make the required finding regarding his ability to pay, has been forfeited on appeal.

DISPOSITION


The court's orders of January 16 and 23 are affirmed.  Because Broughton has not appeared in this appeal, she is not entitled to an award of costs on appeal.  Mills shall bear his own costs on appeal.


IKOLA, J.

WE CONCUR:


O'LEARY, P. J.


ARONSON, J.