Filed 12/8/14  Michael B. v. M.N. CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| MICHAEL B., | B249251 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BF042374) |
| v. | |
| M.N., | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Ralph C. Hofer, Judge.  Affirmed.

Kawahito Shraga & Westrick, James Kawahito and Alison Rose for Plaintiff and Appellant.

Law Offices of Adrien Medvei and Sebastian M. Medvei for Defendant and Respondent.

_____

# INTRODUCTION

Appellant Michael B. filed this action to establish a parental relationship with respondent M.N.'s daughter Olivia pursuant to the Uniform Parentage Act (UPA, Fam. Code, § 7600 et seq.).[1]  The trial court found that Michael B. was Olivia's biological father and, among other things, directed him to pay $50,000 in attorneys' fees and $10,000 in accountants' fees incurred by M.N. during the course of the proceedings. Michael B. appeals, challenging the order requiring him to pay attorneys' fees and accountants' fees.  We affirm.

# FACTUAL AND PROCEDURAL BACKGROUND

M.N. called Michael B. while she was pregnant with Olivia and told him that he might be the father of her unborn child.  According to Michael B., as soon as he learned he was Olivia's father, he became "fully committed" to her, visited with her regularly after she was born, and voluntarily sent support payments to M.N.  Michael B. felt that, in contrast, M.N. was uncooperative regarding scheduling visitation.  She also took Olivia out of the state and out of the country without giving him prior notice.

Michael B. filed a petition to establish a parental relationship with Olivia.  M.N. filed requests for child custody, child support, pendente lite attorneys' fees and costs, accountants' fees, visitation, and for permission to move to Las Vegas, Nevada.

The trial court found that Michael B. was Olivia's biological father.  The court awarded Michael B. and M.N. joint legal and physical custody of Olivia, with a custody plan for Olivia to spend alternate weeks with Michael B. and M.N.  The court denied M.N.'s request to move with Olivia to Las Vegas.  The court also ordered Michael B. to pay $1,629 in monthly child support.  In calculating this amount, the court imputed

---

[1]  Undesignated statutory references are to the Family Code.

minimum wage income to M.N. and monthly income of $22,600 to Michael B. The court denied M.N.'s request for a written statement of decision,[2] finding that its oral statement of decision on the record was sufficient. Michael B. does not challenge any of these rulings.

The trial court also granted M.N.'s request for pendente lite attorneys' fees and accountants' fees and costs pursuant to section 7605, subdivision (a). The court found "that the attorneys' fees and costs incurred by [M.N.] are reasonable." The court ordered Michael B. to pay M.N.'s attorneys "$50,000.00 as and for a contribution towards [M.N.'s] attorneys' fees and costs" and "$10,000.00 as and for [M.N.'s] accountants' fees and costs . . . ." Michael B. filed a timely notice of appeal.[3]

## DISCUSSION

A.     *The Record Is (Now) Sufficient To Reach the Merits of Michael B.'s Appeal*

As a preliminary matter, M.N. argues that Michael B. has forfeited his arguments regarding the sufficiency of the evidence to support the fee award because the appellate record submitted by Michael B. does not contain all of the submitted evidence, and in particular the evidence of his income, assets and liabilities, required to evaluate whether substantial evidence supports the trial court's findings. For example, Michael B.'s opening brief refers to "Exhibits 15, 16, and 17," which are bank statements in the name

---

[2]     Counsel for M.N. requested a statement of decision only on the issues of child support, custody, visitation, and M.N.'s move-away request, but not on the issue of attorneys' fees and accountants' fees.

[3]     An order granting a motion for pendente lite attorneys' fees is appealable. (*In re Marriage of Weiss* (1996) 42 Cal.App.4th 106, 119.)

3

of Michael B. and the name of his company, PlusRed Elixir, but he did not designate those exhibits for inclusion in the clerk's transcript on appeal.**4**

It is true, as M.N. argues, that if an appellant provides an inadequate record to resolve an issue on appeal, or fails to cite to the record, we may treat the issue as forfeited by the appellant. (See *Silas v. Arden* (2012) 213 Cal.App.4th 75, 92 ["failure to provide an adequate record for review" forfeited argument]; see also *Sanders v. Walsh* (2013) 219 Cal.App.4th 855, 873-874 [defendants' failure to provide appellate court with all trial exhibits created "an insufficient record to fully consider their contention"]; *Hotels Nevada, LLC v. L.A. Pacific Center, Inc.* (2012) 203 Cal.App.4th 336, 348 ["[b]y failing to provide an adequate record, appellant cannot meet his burden to show error and we must resolve any challenge to the order against him"].) On March 20, 2014, however, we granted M.N.'s motion to augment the record with two volumes of evidentiary materials, including Exhibits 15, 16, and 17. Therefore, notwithstanding the failure of Michael B. to provide an adequate record, we will exercise our discretion to consider Michael B.'s arguments on the merits to the extent possible using the documents submitted by M.N., along with the clerk's transcript designated by Michael B. (See *Beckley v. Board of Administration etc.* (2013) 222 Cal.App.4th 691, 693, fn. 1; *Gunn v. Mariners Church, Inc.* (2008) 167 Cal.App.4th 206, 212-213.) Because the relevant evidence was in M.N.'s possession and she submitted it to this court, we assume she is sufficiently familiar with it so that there will be no prejudice to M.N. if we consider the merits of Michael B.'s contentions. (See *DiQuisto v. County of Santa Clara* (2010) 181 Cal.App.4th 236, 259-260; *Goehring v. Chapman University* (2004) 121 Cal.App.4th 353, 363, fn. 7.)

---

**4** The only financial information about Michael B. in the clerk's transcript is a small number of credit card statements. Most of the clerk's transcript contains financial information about M.N.

B. *The Trial Court Did Not Err in Awarding Pendente Lite Attorneys' Fees and Accountants' Fees*

1. Applicable Law and Standard of Review

In the trial court, both Michael B. and the court cited section 2030 as the governing law. Section 2030, however, applies to attorneys' fees awards in marital actions such as petitions for dissolution, legal separation, or nullity. (See *Robert J. v. Catherine D.* (2005) 134 Cal.App.4th 1392, 1400.) This is a paternity action, which is governed by section 7605[5] and other provisions of the UPA.

Fortunately, section 7605 has the same language as section 2030, subdivision (a). In *Kevin Q. v. Lauren W.* (2011) 195 Cal.App.4th 633, the court recognized the relationship between the two statutes: "[I]n 2004, the Legislature drafted section 7605 and amended section 2030 to be identical statutes, without changing section 2032 which supplemented and controlled section 2030. These statutes require a comparative analysis of the parties' circumstances and/or needs and serve the common purpose (shared by all the Fam. Code statutes that authorize attorney fee awards) of ensuring, 'to the extent possible, that the litigating parties are on an equal footing in their ability to present their

---

[5] Section 7605 provides in part: "(a) In any proceeding to establish physical or legal custody of a child or a visitation order under this part, and in any proceeding subsequent to entry of a related judgment, the court shall ensure that each party has access to legal representation to preserve each party's rights by ordering, if necessary based on the income and needs assessments, one party, except a government entity, to pay to the other party, or to the other party's attorney, whatever amount is reasonably necessary for attorney's fees and for the cost of maintaining or defending the proceeding during the pendency of the proceeding.

"(b) When a request for attorney's fees and costs is made under this section, the court shall make findings on whether an award of attorney's fees and costs is appropriate, whether there is a disparity in access to funds to retain counsel, and whether one party is able to pay for legal representation of both parties. If the findings demonstrate disparity in access and ability to pay, the court shall make an order awarding attorney's fees and costs. A party who lacks the financial ability to hire an attorney may request, as an in pro per litigant, that the court order the other party, if that other party has the financial ability, to pay a reasonable amount to allow the unrepresented party to retain an attorney in a timely manner before proceedings in the matter go forward."

cases . . . .' [Citation.]  Thus, sections 7605 and 2030 focus on the parties' 'respective incomes and needs' and 'respective abilities to pay.'  (§ 7605, subd. (b) . . . ; see § 2030, subd. (a)(2).)  Section 2032 asks whether the award is 'just and reasonable under the relative circumstances of the respective parties.'  (*Id.*, subd. (a) . . . .)  Of these three statutes, section 2032 is the only one that instructs the court in detail how to make a comparative analysis; it requires the court to 'take into consideration the need for the award to enable each party, to the extent practical, to have sufficient financial resources to present the party's case adequately, taking into consideration, to the extent relevant,' the circumstances specified in section 4320.  (§ 2032, subd. (b).)  Although some of the factors listed in section 4320 relate only to marriage cases (for example, the duration of the marriage), most of the enunciated circumstances are equally relevant to UPA cases (for example, each party's marketable skills and earning capacity).  (§ 4320, subds. (a), (b) & (f) . . . .)"  (*Kevin Q.*, *supra*, at pp. 643-644, italics omitted.)  For this reason, the *Kevin Q.* court found no error in the trial court's performance of a section 2032 comparative analysis in a UPA case.  (*Kevin Q.*, *supra*, at p. 644.)

"Paternity actions may involve many of the same highly controversial and hotly contested issues that arise in other family matters, such as parental rights to custody, visitation, and child support."  (*Robert J. v. Catherine D.*, *supra*, 134 Cal.App.4th at p. 1403.)  Thus, "section 7605 applicable to UPA cases and amended section 2030 applying to marital dissolution proceedings, both . . . provide in relevant part:  '[T]he court *shall* ensure that each party has access to legal representation to preserve each party's rights by ordering, if necessary based on the income and needs assessments, one party . . . to pay to the other party, or to the other party's attorney, whatever amount is reasonably necessary for attorney's fees and for the cost of maintaining or defending the proceeding during the pendency of the proceeding.'  (§ 7605, subd. (a) . . . ; see § 2030, subd. (a)(1).)"  (*Kevin Q. v. Lauren W.*, *supra*, 195 Cal.App.4th at p. 640, fn. omitted.)  "In determining whether to award attorney fees and costs, and the amount of any such fees and costs, a court must consider 'the respective incomes and needs of the parties, and

6

. . . any factors affecting the parties' respective abilities to pay.' (§ 7605, subd. (b); see § 2030, subd. (a)(2).)" (*Kevin Q.*, *supra*, at p. 640.)

The goal of assuring each parent has comparable access to appropriate legal representation and accountant expertise is to make sure that each parent's views are equally represented to the court so that the court's decisions will be in the best interest of the child. "Imposing attorney fees on the wealthier party in paternity actions 'ensure[s] that both sides of the custody dispute are represented and are able to present evidence bearing on the best interests of the child' when 'a court is determining who gets custody of a child.' [Citation.] [¶] . . . The fact that these custody issues are resolved in the context of a petition to establish parental relationship rather than in a petition for dissolution does not alter the fact that custody and visitation issues are, ultimately, to be resolved in a manner consistent with the best interests of the children." (*Robert J. v. Catherine D.*, *supra*, 134 Cal.App.4th at p. 1403.)

When a party requests attorneys' fees and costs under the applicable section, the court must make virtually the same findings under section 7605 as under section 2030: "[T]he court shall make findings on whether an award of attorney's fees and costs is appropriate, whether there is a disparity in access to funds to retain counsel, and whether one party is able to pay for legal representation of both parties. If the findings demonstrate disparity in access and ability to pay, the court shall make an order awarding attorney's fees and costs. A party who lacks the financial ability to hire an attorney may request, as an in pro per litigant, that the court order the other party, if that other party has the financial ability, to pay a reasonable amount to allow the unrepresented party to retain an attorney in a timely manner before proceedings in the matter go forward." (§ 7605, subd. (b); see § 2030, subd. (a)(2).)

Finally, "[t]he findings of the court regarding the actual income and needs of the parties are necessarily subject to a substantial evidence standard of review." (*Kevin Q. v. Lauren W.*, *supra*, 195 Cal.App.4th at p. 642.) "The determination of the amount which is 'reasonably necessary' to ensure each party has access to legal representation is a decision necessarily committed to the sound judgment of the trial court, and is,

7

accordingly, subject to review under an abuse of discretion standard." (*Ibid.*; see *In re Marriage of Turkanis and Price* (2013) 213 Cal.App.4th 332, 345 ["[w]e review an award of attorney fees under the Family Code for abuse of discretion, 'and we therefore must affirm unless no judge reasonably could make the order'"].)

### 2. The Award of Attorneys' Fees Is Supported by Substantial Evidence

The trial court's only finding regarding attorneys' fees and accountants' fees and costs was "that the attorneys' fees and costs incurred by [M.N.] are reasonable." Based on the absence of findings regarding the factors the trial court must consider in making a fee award, Michael B. argues that the trial court erred in failing to consider those factors. M.N. argues that, in the absence of a statement of decision, we must "infer 'findings in favor of the judgment' on controverted issues." (*Kevin Q. v. Lauren W.*, *supra*, 195 Cal.App.4th at p. 642; see also Code Civ. Proc., §§ 632, 634.) She also contends that Michael B. forfeited his argument that the trial court failed to make express findings by failing to request a statement of decision regarding the fee award.

"Code of Civil Procedure section 632 requires the trial court to issue a statement of decision 'upon the trial of a question of fact' when it receives a request therefor by a party appearing at trial. In general, however, section 632 applies when there has been a trial followed by a judgment. [Citation.] It does not apply to an order on a motion . . . even if . . . the order is appealable. [Citation.]" (*In re Marriage of Askmo* (2000) 85 Cal.App.4th 1032, 1040.) A statement of decision is not required for an order awarding attorneys' fees. (See *In re Marriage of Falcone and Fyke* (2012) 203 Cal.App.4th 964, 981; *In re Marriage of Fong* (2011) 193 Cal.App.4th 278, 293-296.) Thus, the issue here is not whether Michael B. forfeited his right to express findings by failing to request a statement of decision, but rather whether the trial court's failure to make the findings required by section 7605, subdivision (b), require reversal of the fee award.

In *In re Marriage of Carlsen* (1996) 50 Cal.App.4th 212, the trial court failed to make the express findings required by section 4072 for ordering a deduction for hardship

8

expenses from child support the court had ordered a parent to pay. (*Id.* at p. 216.) On appeal, the court stated that the trial court's "failure to make prescribed findings [is not] 'reversible per se.'" (*Id.* at p. 217.) "[W]e are enjoined by our Constitution from imposing a reversible-per-se rule here. (Cal. Const., art. VI, § 13.) Unlike statements of decision, the Legislature has not precluded us here from implying findings. (Cf. Code Civ. Proc., § 634.) Nor do we have the constitutional due process concerns presented by the imposition of sanctions . . . . Thus, we determine here if the trial court's failure to include express findings was nonprejudicial." (*Id.* at p. 218.) To determine whether the absence of express findings was prejudicial, the *Carlsen* court looked to the evidence in the record to determine if there was any evidence from which the court could "infer the necessary findings." (*Ibid.*) Because there was no such evidence, the court found that the failure to make express findings was prejudicial. (*Ibid.*)

Here, in contrast to *Carlsen*, there is ample evidence to support each of the findings required by section 7605, subdivision (b). There is overwhelming evidence that an award of attorneys' fees was required to "level the playing field" between M.N. and Michael B. The evidence shows a great disparity between the ability of Michael B. and the ability of M.N. to pay attorneys' fees, and that Michael B.'s income and assets are sufficient to give him the ability to pay for both parties' fees.

The evidence of M.N.'s circumstances included two declarations by M.N., her income and expense declaration, declarations from M.N.'s two attorneys, and a declaration from her former employer, Philip Viardo. The evidence of Michael B.'s circumstances included Michael B.'s tax returns for 2009, 2010, and 2011, the most recent three months of statements from two bank accounts in Michael B.'s name, a statement from a bank account in the name of PlusRed Elixir, and a declaration by Michael B. with 22 exhibits. The evidence also included an assets and debts schedule for Michael B., a record of a $62,148.90 IRA account of Michael B., and information about Michael B.'s rental properties and multiple automobiles.

This evidence showed that M.N. was unemployed and that there were no regular deposits into her bank account. According to M.N., some of the money in her bank

account was a loan she obtained to pay living expenses. This evidence supported an implied finding that M.N. did not have the financial resources to pay for her legal fees. In contrast, although Michael B. claimed to have had little or no income in recent months, his bank records showed that he added over $57,000 to one personal account in November 2012. To another account he deposited $44,210.69 in September 2012, $23,000 in October 2012, and $29,000 in November 2012. The bank records for his company reflected deposits of $180,000 in September 2012, $181,700 in October 2012, and $66,928.18 in November 2012. This evidence supported an implied finding that Michael B. had the financial resources to pay for both his legal fees and M.N.'s.

Because the record contains substantial evidence to support implied findings under section 7605, subdivision (b), that there was a disparity in access to funds to retain counsel and that Michael B. was able to pay for legal representation of both parties, there is evidence from which we may "infer the necessary findings." Therefore, the trial court's failure to make express findings on the issue of attorneys' and accountants' fees was not prejudicial. (See *Kevin Q. v. Lauren W.*, *supra*, 195 Cal.App.4th at p. 642; *In re Marriage of Carlsen*, *supra*, 50 Cal.App.4th at p. 218.) Moreover, given the overwhelming evidence in the record that M.N. "demonstrated an inability to pay . . . her attorney fees while showing [Michael B.] had the ability to pay," the trial court did not abuse its discretion in making a fee award in favor of M.N. (*In re Marriage of Tharp* (2010) 188 Cal.App.4th 1295, 1315.)

Michael B. argues that the trial court erred in calculating imputed income based, in part, on funds in the PlusRed Elixir bank account. In making the child support award, the trial court stated that it was imputing income to Michael B. based on Exhibits 15, 16, and 17, which included a statement from the PlusRed Elixir bank account. The court, however, never stated that it used the imputed income figures in making the attorneys' fees award, and it was not necessary for the trial court to impute income to Michael B. in order to do so. "In making its determination as to whether or not attorney fees and costs should be awarded, the trial court considers the respective needs and incomes of the parties. [Citations.] Further, the trial court is not restricted in its assessment of ability to

10

pay to a consideration of salary alone, but may consider all the evidence concerning the parties' income, assets and abilities. [Citations.]" (*In re Marriage of Sullivan* (1984) 37 Cal.3d 762, 768; accord, *In re Marriage of Bendetti* (2013) 214 Cal.App.4th 863, 868.)[6]

Finally, Michael B.'s challenge to the award of accountants' fees is the same as his challenge to the award of attorneys' fees. We reject it for the same reasons.

### 3. The Trial Court Did Not Abuse Its Discretion in Determining the Amount of Attorneys' Fee To Award

Michael B. also argues that the amount of the attorneys' fees the trial court awarded is unreasonable and that the court did not consider the relevant factors. Neither argument has merit.

Section 7605 does not require express findings as to the "amount . . . reasonably necessary for attorney's fees and for the cost of maintaining or defending the proceeding during the pendency of the proceeding." (§ 7605, subd. (a).) The trial court here had evidence of the tasks, time spent, and billing rates for M.N.'s attorneys in the form of detailed billing records submitted in support of M.N.'s attorneys' fees request. The court stated that it had reviewed the attorney declarations and the itemized billing statements, and the court found that the requested attorneys' fees were reasonable. The record reflects that the court considered the appropriate factors and exercised its discretion. (See *Alan S. v. Superior Court* (2009) 172 Cal.App.4th 238, 254 ["[w]hile no particular language is required in an order awarding attorney fees under sections 2030 and 2032, the record (including, but not limited to, the order itself), must reflect an actual exercise of

---

[6] Michael B. also asserts that the three-month sample of his financial records the court used was insufficient for the court to determine the relative difference in financial circumstances of the parties. A three-month sample, however, is consistent with the California Rules of Court, rule 5.427, which contains the requirements for a request for need-based attorneys' fees under section 7605. Rule 5.427 requires parties to submit "current" income and expense declarations. The rule defines "'[c]urrent'" "as being completed within the past three months . . . ." (*Id.*, rule 5.427(d)(1).)

11

that discretion"].)  We see no abuse of discretion.  (See *In re Marriage of Keech* (1999) 75 Cal.App.4th 860, 870, italics omitted ["'when the trial court is informed of the extent and nature of the services rendered, it may rely on its own experience and knowledge in determining their reasonable value,'" and "'"[t]he exercise of sound discretion by the trial court in the matter of attorney's fees includes also judicial evaluation of whether counsel's skill and effort were wisely devoted to the expeditious disposition of the case"'"]; cf. *In re Marriage of Tharp*, *supra*, 188 Cal.App.4th at p. 1314 [trial court abused its discretion by refusing to review billing records].)

## DISPOSITION

The order is affirmed.  M.N. is to recover her costs on appeal.

SEGAL, J.*

We concur:

PERLUSS, P. J.

WOODS, J.

---

*        Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.