Filed 4/8/26  Marriage of Lay and Lai CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re Marriage of MICHAEL LAY and YIH HAN LAI. | B339540<br><br>(Los Angeles County Super. Ct. No. 20STFL13079) |
| MICHAEL LAY,<br><br>        Appellant,<br><br>        v.<br><br>YIH HAN LAI,<br><br>        Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Elizabeth Scully, Judge.  Affirmed.

Law Office of Dennis Temko and Dennis Temko for Appellant.

Summers Levine Lipsic & Hersh, Gary J. Cohen, Andrew M. Stein, and Marci R. Levine for Respondent.

—————————————

## I.    INTRODUCTION

Michael Lay (Husband) appeals from the trial court's order awarding temporary child and spousal support and attorney fees to Yih Han Lai (Wife).  According to Husband, the court failed to make necessary findings regarding his income when determining child and spousal support amounts.  We affirm.

## II.    BACKGROUND

### A.    *Dissolution of Marriage*

Husband and Wife married on December 13, 2014, and had one child together, born in 2015.

On December 30, 2020, Husband petitioned for dissolution of the marriage.

### B.    *Request for Order*

On September 2, 2022, Wife filed a request for order (RFO)[1] seeking temporary child and spousal support, and attorney fees.

---

[1]    "In family law proceedings under the Family Code, the term 'request for order' (RFO) 'has the same meaning as the terms "motion" or "notice of motion" when used in the Code of

Wife requested the guideline amounts of $7,609 monthly for child support and $25,703 monthly for spousal support.

Husband countered that the guideline child support should be $115 per month, and that spousal support should be $0.  In his view, the parties had comparable earning capacities.

C.    *Joint Statement and Evidence*

On February 9, 2024, the parties submitted a joint statement regarding the hearing on spousal and child support.  The parties attached as exhibits DissoMaster[2] schedules prepared by the parties' respective forensic accountants.

As relevant here, according to Wife's DissoMaster, Husband was self-employed and received income from MarTech Diversity, LLC (MarTech), a software development business.  Because Husband had not provided Wife with MarTech's financial statements or a general ledger, Wife calculated Husband's income based on the deposits into and transfers out of MarTech's bank account at Bank of America.  Wife asserted that for the 11-month period from February 23, 2023, to January 31, 2024, Husband's income from MarTech was $1,509,384, consisting of $1,815,284 in deposits into MarTech's bank account, minus $305,900 in transfers out, resulting in a monthly self-

Civil Procedure.'  (Cal. Rules of Court, rule 5.92(a)(1)(A).)"  (*In re Marriage of DeWolfe* (2023) 93 Cal.App.5th 906, 908, fn. 3.)

[2]    "'The DissoMaster is a privately developed computer program used to calculate guideline child support under the algebraic formula required by [Family Code] section 4055.' [Citation.]"  (*In re Marriage of Usher* (2016) 6 Cal.App.5th 347, 352, fn. 5.)

employment income of $137,217.  Mother also stated that Husband had other monthly taxable income totaling $7,061, which was comprised of $2,217 in ordinary dividends, $4,427 in social security, and $417 in rental income.

On February 21, 2024, Wife submitted an income and expense declaration, and Husband submitted an amended declaration.  Husband asserted that he had no monthly self-employment income but acknowledged that he had other taxable monthly income comprised of $2,217 in ordinary dividends and $4,427 in social security.  He claimed he had no rental income.[3] Husband's declaration conceded that for the 11-month period ending on January 31, 2024, deposits into MarTech's Bank of America account totaled $1,815,284.  He claimed, however, that his monthly income was less than zero, specifically a monthly loss of $95,523, based on $2.5 million in expenses for "[s]oftware [c]ontractor [c]osts" and additional business expenses that totaled $366,037, including $60,137 in ATM withdrawals.[4]

---

[3]     Husband filed an earlier income and expense declaration on January 8, 2024, in which he claimed $417 per month in rental income from a dock.  This income was omitted in the amended declaration.  The trial court ultimately included the rental income in calculating the amount of support Husband owed.

[4]     In its ruling, the trial court found the ATM withdrawals were "inadequately explained" by Husband.  We note that $366,037 minus $60,137 equals $305,900, the same amount calculated by Wife regarding MarTech's expenses.

D.  *Hearing*

On February 28 and 29, and March 5, 2024, the trial court held a hearing on Wife's RFO.  Four witnesses testified: Husband, Wife, Wife's forensic accountant Joseph Sweeney, and Husband's forensic accountant Michael Krycler.

Husband testified that in January 2023, after filing his petition for dissolution, he formed MarTech.  Husband conceded that MarTech had gross revenue of $1.8 million for an 11-month period.  He claimed that the ATM withdrawals from MarTech's bank account were for "operating expenses."  He also testified that in 2023 or 2024, MarTech paid $2.5 million as part of a software development agreement with MG Technology Solutions, LLC (MG Technology).

Wife's forensic accountant testified that he reviewed MarTech's Bank of America account, which reflected that no money had been transferred to MG Technology.  The accountant noted that a Merrill Lynch account held in MarTech's name reflected large transfers out but those transfers did not include information about a payee or a reference to MG Technology.

Following closing argument, the trial court took the matter under submission.

E.  *Ruling*

On April 29, 2024, the trial court issued its ruling.[5] Regarding the credibility of witnesses, the court determined that

---

[5]     On July 17, 2024, the court issued a minute order correcting the April 29, 2024, ruling nunc pro tunc to reflect that

5

Husband was not credible, Wife was "substantially more credible," and Wife's expert Sweeney was substantially more credible than Husband's expert Krycler.

The trial court observed that even though Husband claimed that MarTech had incurred a $2.5 million expense for software contractor costs, there was no evidence about who owned MG Technology, including whether Husband had an ownership interest in the company. The court also stated that Husband had provided an inadequate explanation for his contention that ATM withdrawals from MarTech's bank account were for "'operating expenses,'" as he had "presented no explanation or evidence as to what these expenses might be, why they would be paid in cash, or that they were actually paid and if so to whom." The court then expressly "ma[de] the findings and conclusions contained in the attached DissoMaster[ ] printout, a copy of which [was] to be filed concurrently herewith."[6] The concurrently filed DissoMaster found, among other things, that Husband's monthly self-employment income was $137,217, that is, the same amount listed in Wife's February 9, 2024, filing. The court ordered Husband to pay $25,117 per month in temporary spousal support, which the court stated was the "guideline support." It

"[t]he April 29, 2024, ruling signed by the [c]ourt shall constitute its order after hearing."

[6] The DissoMaster printout filed concurrently with the temporary spousal and child support order included findings regarding self-employment income, other taxable income, itemized deductions, filing status, and the approximate percentage of custody time for each parent. (See Fam. Code, § 4056, subd. (b).) Further statutory references are to the Family Code.

6

also ordered Husband to pay $6,910 monthly in temporary child support. Husband timely appealed.[7]

## III. DISCUSSION

### A. *Legal Standard*

"During the pendency of any proceeding for dissolution of marriage or for legal separation of the parties or under Division 8 (commencing with Section 3000) (custody of children) or in any proceeding where there is at issue the support of a minor child or a child for whom support is authorized under Section 3901 or 3910, the court may order (a) either spouse to pay any amount that is necessary for the support of the other spouse, consistent with the requirements of subdivisions (i) and (m) of Section 4320 and Section 4325, or (b) either or both parents to pay any amount necessary for the support of the child, as the case may be." (§ 3600.)

"With regard to child support, notwithstanding the language of section 3600 regarding 'any amount necessary,' courts are required 'to adhere to the statewide uniform guideline and may depart from the guideline only in the special

---

[7] On May 7, 2024, Husband requested a statement of decision. On May 23, 2024, the court denied the request. To the extent Husband contends the court erred by not issuing a statement of decision, his argument is meritless. "[S]ince the trial court's determination [of pendente lite support] involves only a temporary entitlement to funds and a limited evidentiary hearing, which can be reviewed even in the absence of a statement of decision, no statement of decision is required." (*In re Marriage of Askmo* (2000) 85 Cal.App.4th 1032, 1040.)

7

circumstances set forth in this article.' (§ 4052.)" (*In re Marriage of Wittgrove* (2004) 120 Cal.App.4th 1317, 1326 (*Wittgrove*).) "We review child support awards under an abuse of discretion standard. [Citation.] 'We cannot substitute our judgment for that of the trial court, but only determine if any judge reasonably could have made such an order. [Citation.] Our review of factual findings is limited to a determination of whether there is any substantial evidence to support the trial court's conclusions. [Citation.]' [Citation.]" (*Id.* at p. 1327.)

"We also review temporary spousal support orders under the abuse of discretion standard. [Citation.] Generally, temporary spousal support may be ordered in 'any amount' based on the party's need and the other party's ability to pay. [Citations.] 'Whereas permanent spousal support "provide[s] financial assistance, if appropriate, as determined by the financial circumstances of the parties after their dissolution and the division of their community property," temporary spousal support "is utilized to maintain the living conditions and standards of the parties in as close to the status quo position as possible pending trial and the division of their assets and obligations." [Citations.]' [Citation.] The court is not restricted by any set of statutory guidelines in fixing a temporary spousal support amount." (*Wittgrove, supra*, 120 Cal.App.4th at p. 1327.)

B.    *Analysis*

Husband contends that the order "lacks sufficient detail to allow meaningful review because neither Huband nor this [court] can ascertain how the trial court computed Husband's income

8

. . . ." (Capitalization and boldface omitted.)[8] According to Husband, the court was required to state whether it "imputed income to Husband based on . . . earning capacity, continued business operation, his access to income-producing property, his expenses, or past business valuation." And, in his view, the lack of these findings prevents meaningful review of the child and spousal support. We disagree.

The record demonstrates that the trial court agreed with Wife's calculations in determining Husband's self-employment income, which, as we explain above, was based on, among other things, Wife's forensic accountant's review of MarTech's bank records. Indeed, Wife submitted evidence that MarTech's bank records showed a monthly income of $137,217.[9] At the

---

[8] Husband suggests that the court may have deviated from awarding guideline child support because it made no "guideline comment" in its ruling. We reject this contention. The court cited in support of its temporary child support award a DissoMaster printout, which listed the award under a column with the heading "Guideline (2024)." A trial court is required by statute to award guideline child support except in special circumstances. (§ 4052.) "We presume the trial court knew and properly applied the law absent evidence to the contrary." (*McDermott Will & Emery LLP v. Superior Court* (2017) 10 Cal.App.5th 1083, 1103.)

[9] In his reply brief, Husband asserts for the first time on appeal that his amended income and expense declaration, filed February 21, 2024, was never admitted into evidence at the hearing. We need not consider this argument. (See *In re Marriage of Ackerman* (2006) 146 Cal.App.4th 191, 214 ["we need not consider new issues raised for the first time in a reply brief in the absence of good cause, and [Husband] has not shown any"].)

evidentiary hearing, Husband did not dispute that MarTech's gross revenue for 11 months was $1.8 million.  Instead, he testified that MarTech's purported payment of $2.5 million in expenses to MG Technology and other unspecified "operating expenses" reduced his monthly income to less than zero.  The court found Husband's contentions to be not credible, a finding that Husband could not and does not challenge on appeal.  (See *In re Marriage of Boswell* (2014) 225 Cal.App.4th 1172, 1175 ["We do not judge credibility on appeal"].)  Husband's contention that the court's spousal and child support findings lacked sufficient detail such that we are unable to review its findings for an abuse of discretion is meritless.  The court did not abuse its discretion by awarding guideline child and spousal support.

---

In any event, even if the amended declaration was not admitted at the hearing on the RFO, its absence would not change the outcome here as Wife submitted her own evidence of Husband's income.

10

# IV.   DISPOSITION

The trial court's order awarding pendente lite child and spousal support is affirmed.  Wife is awarded costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIM (D.), J.

We concur:

HOFFSTADT, P. J.

MOOR, J.

11